# HERMAN L. HUNTINGTON

*v.*

## JOHN O. BARTON.

1. MECHANIC'S LIEN—*strict construction.* The act of 1869 relating to the lien of mechanics and sub-contractors, being in derogation of the common law, and creating benefits and privileges not conferred on other creditors, must be strictly construed; and persons seeking the benefit of such statute must bring themselves clearly within its provisions.

2. SAME—*time within which suit must be brought.* When a sub-contractor, employed by the original contractor to do certain work upon a building, was discharged before he had completed his contract, on the 15th of December, and he filed his petition on the first of April following, against the owner of the building and the contractor, for a lien: *Held,* that the petition was filed too late, the statute making the lien in such case continue only for three months after the doing of the work or furnishing of materials, except when suit is brought within such time.

APPEAL from the Circuit Court of Cook county.

Mr. D. J. SCHUYLER, for the appellant.

Messrs. E. & A. VANBUREN, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a proceeding commenced by appellee, in the circuit court of Cook county, against appellant and Samuel P. Pearson, to enforce a mechanic's lien on two houses and lots in the city of Chicago.

It appears that Pearson was a builder, and contracted with appellant to construct for him two buildings; that appellee contracted with Pearson to furnish all the materials and do the mason work of the buildings for $1675; that, under his contract, appellee commenced and. furnished materials and work, and so continued until about the 10th day of December, when Pearson discharged appellee from the work and employed other persons to finish the plastering of the buildings.

It appears that appellee was discharged from or quit work on the buildings from the 10th to the 15th of December, 1870, and served a notice that he claimed a lien, on the 17th, and the petition for a mechanic's lien was filed on the 1st day of April, 1871, about three and a-half months after appellee ceased to work on the buildings.

The first section of the act of 1869 (Sess. Laws, p. 255,) provides that a sub-contractor, who shall furnish materials or labor on a building, etc., shall have a lien for such materials and labor on the house and land.

The fifth section provides that if the money shall not be paid the sub-contractor, by the owner, within ten days after service of the notice required by the act, the sub-contractor may sue the owner and contractor.

The ninth section declares that the lien created by the act shall continue for three months from the time of the sub-contractor's doing the work or furnishing the materials, except

where suit shall be commenced by petition, and in such cases all liens shall be barred by decree entered in the cause.

The filing of the petition referred to is given by the seventh section, in these words: "Should the original contractor, for any cause, fail to complete his contract, any person entitled to a lien as aforesaid may file his petition in any court of record against the owner or lessee and the contractor, setting forth the nature of his claim, the amount due, as near as may be, and the names of the parties employed on such house or improvement subject to liens." And it provides for notice to parties, and requires the court to adjust their claims and render a decree against the owner or lessee and original contractor, for the sum due the petitioner, etc.

These statutes being in derogation of the common law, and creating privileges and benefits not conferred on other creditors, must be strictly construed. (See *Rothgerber* v. *Dupuy,* *ante,* p. 452.) And persons seeking the benefit of the statute must bring themselves within its provisions. The act will not be extended to cases unless they fall clearly within its provisions.

Now, by the ninth section of the act of 1869, the sub-contractor only has a lien for three months from the time when he performed the work. And there is no pretence in this case that any work was performed after the 15th of December, and the lien would only continue in existence, unless prolonged by filing a petition, until the 17th of March. The evidence seems, however, to show that appellee ceased to work even as early as the 10th of December, and if so, the three months would expire on the 10th of March following. The petition was not filed until the first of the following April, from thirteen to twenty days too late.

The court erred in entertaining the petition or in decreeing the relief sought, and the decree is reversed.

*Decree reversed.*