## THE CAIRO AND VINCENNES RAILROAD COMPANY

*v.*

## JAMES FACKNEY

1. ACTION—*for money paid, etc.* If a party, at the request of a railway company, takes up certificates of indebtedness issued by it to its laborers for work, and to procure board, and to enable boarding house keepers to obtain groceries and provisions for hands engaged in the construction of the road, with an agreement to settle with him for the same, such party will be entitled to recover of the company the amount of such advances.

2. LIEN—*against railroads.* The lien given by statute against the property of a railway company is only for materials used, supplies furnished, and for labor performed in constructing, repairing, operating or maintaining the road. The loan of money, or the payment of its creditors, is not embraced in the statute giving the lien.

3. SAME—*no lien exists for money advanced in taking up certificates of indebtedness.* A party who, at the request of a railway company, takes up its certificates of indebtedness given to its laborers and others for the boarding of hands, is not entitled to any lien, under the statute, against the company or its property.

4. ASSIGNMENT OF LIEN. Although a laborer upon a railroad has a lien by statute for the sum due him, it is not assignable at law, and, even if assignable, it would not entitle the holder of the same to assign the lien.

5. REMEDY *for enforcement of liens.* Liens are enforceable in equity unless the law has provided another mode. This is true of vendor's liens, equitable and other mortgages, and all statutory liens, except when the lien is in the nature of a pledge, and possession accompanies the lien. A court of law does not possess the means of enforcing such liens.

WRIT OF ERROR to the Circuit Court of Lawrence county; the Hon. JAMES C. ALLEN, Judge, presiding.

Mr. SAMUEL P. WHEELER, for the plaintiff in error.

Mr. GREEN B. RAUM, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of assumpsit, brought by defendant in error, in the Lawrence circuit court, against plaintiff in error, for goods sold and delivered, for supplies necessary for the operation of the railroad, and for goods and supplies furnished employees of plaintiff in error, necessary for the operation of its road, under contract therefor. The declaration contains an averment, that, under the statute, plaintiff was entitled to a lien upon all the property, real, personal and mixed, of the company, for the supplies thus furnished ; that they were furnished within six months before the commencement of the suit.

The company entered its appearance, and filed the plea of the general issue, at the August term, 1874, and a trial was had at that term, by the court without a jury, by consent of parties, and the court found for the plaintiff, and rendered a judgment in his favor for $7939.19, whereupon the company sued out this writ of error.

It appears that, by arrangement between the company and defendant in error, he took up a large amount of certificates given by the company to employees and hands, to procure provisions for their subsistence, which were endorsed to defendant in error. He also received a transfer of large claims for labor done on the road, and received from the persons performing the labor, powers of attorney to collect the same. At various times, on taking up these several amounts, defendant in error presented a statement of the various sums thus purchased, and the company, by its proper officer, gave certificates that the aggregate sum was for supplies furnished

by defendant in error to the company, and the amount was due and unpaid. It is claimed that this gave him the lien provided for by statute.

The statute declares (R. S. 1874, p. 671, sec. 51,) : "That all persons who may have furnished, or who shall hereafter furnish, to any railroad corporation now existing or hereafter to be organized under the laws of this State, any fuel, ties, material, supplies, or other article or thing necessary for the construction, maintenance, operation or repair of such road, by contract with said corporation, or who have done and performed, or hereafter shall do or perform, any work or labor for such construction, maintenance, operation or repair, by like contract, shall be entitled to be paid for the same as part of the current expenses of said road, and in order to secure the same shall have a lien upon all property, real, personal and mixed, of said railroad corporation as against such railroad, and as against all mortgages or other liens which shall accrue after the commencement of the delivery of said articles, or the commencement of said work or labor : *Provided,* suit shall be commenced within six months after such contractor or laborer shall have completed his contract," etc.

The court, in the judgment rendered, declared that the plaintiff was entitled to, and the judgment should be, a lien upon all the property of defendant—real, personal and mixed.

The only question discussed is, that the lien given by the statute is not assignable, and that, if so, the court could not make the judgment a lien on the property of the road. As we understand the evidence, defendant in error, at the request of the company, took up certificates issued by them to their laborers for work, and to procure board, and to enable boarding house keepers to obtain flour, meat, groceries and provisions for the hands engaged in the construction of the road, and with a promise that they would settle with him every thirty days, and give him a note due at sixty days. That in pursuance of this agreement defendant in error took up large amounts of such indebtedness of the road. Settlements were made at

different times, and notes then given were taken up and paid, but a receiver of the road having in some manner been appointed, no more settlements were afterwards had or payments made   Under this arrangement there can be no doubt that defendant in error was entitled to recover for advances thus made.   It was done at the special instance and request of the company, and on their agreement to pay the money so advanced.   Defendant in error testified that he made the advances on the credit of the company, and looked alone to them for payment, and hence he is entitled to recover.

But does this give him a lien?   We think not.   He furnished the means to pay laborers and others to whom the company were indebted.   Had he loaned the money to pay these hands and creditors, we presume no one would contend that he thereby acquired such a lien, as such a transaction is not embraced in the provisions of the statute.   The statute only embraces materials used, supplies furnished, and labor performed in constructing, repairing, operating or maintaining a railroad.   The loan of money is not embraced in the enumeration, nor is the payment of their creditors.   Had he, by agreement, advanced supplies to the road, and had they distributed them to their hands, then a different question would have been presented, which we will not now determine, as it is not before us for decision.   The company were indebted to these various persons, and defendant in error paid them for and at the request of the company.

There was another class of indebtedness he paid, which was for labor performed for the company.   These certificates, like the others, were due to those performing the labor, and they had a lien against the road.   Defendant in error holds powers of attorney for their collection, but no assignment of these claims.   In fact, they are not assignable at law, so as to enable him to maintain an action in his own name.   But, even if so assignable, that would not enable the holder to assign the lien.   If it can be assigned at all, which may be doubted, it would be only equitable, and the assignee would have to

resort to a court of equity for its enforcement. Liens are enforceable in equity, unless the law has provided for another mode. This is true of vendor's liens, equitable and other mortgages, and all statutory liens, so far as they now occur to us, except in all cases where the lien is in the nature of a pledge, and possession accompanies the lien. If defendant in error had a lien, he should have resorted to equity for its enforcement. A court of law does not possess the means of enforcing such liens.

So much of the judgment, therefore, as declares and gives a lien, is erroneous, and the judgment is reversed, and the cause is remanded, with leave to defendant in error to have a proper judgment entered.

*Judgment reversed.*