CAIRO & ST. LOUIS RAILROAD COMPANY

v.

WILLIS CAUBLE.

|   |   |   |
|---|---|---|
| 4 | | 133 |
| 101 | 1 | 19 |
| 101 | 2 | 21 |

1. LIEN FOR MATERIALS.—In a proceeding by a sub-contractor to obtain a lien under the statute, against a railroad company for work and materials furnished according to an agreement with the original contractor, it must appear that all the steps required by the statute have been taken.

2. TIME FOR FILING PETITION.—The statute provides that the lien shall continue for three months from the time of performance of the work or furnishing the material, and suit to enforce such lien must be begun within the time limited.

3. NOTICE.—It is not necessary that the notice required by the statute should be accompanied with a copy of the contract between the original contractor and the railroad company. The contract mentioned in the statute refers to the one between the sub-contractor and his principal.

4. FORM OF DECREE.—The decree should be against the railroad and the original contractors, and the lien should only be enforced, and the property of the company sold, in default of payment, within a day to be fixed by the court.

ERROR to the Circuit Court of Jackson county; the Hon. M. C. CRAWFORD, Judge, presiding. Opinion filed August 1, 1879.

Messrs. JUDD & WHITEHOUSE, for plaintiff in error; that the statute relating to liens for materials must be strictly construed, cited Rothgerber v. Dupuy, 64 Ill. 452; Huntington v. Barton, 64 Ill. 502; Canisius v. Merrill, 65 Ill. 67; Dunphy v. Riddle, 86 Ill. 22; Crowl v. Nagle, 86 Ill. 437.

The lien continues for three months only: Huntington v. Barton, 64 Ill. 502.

The commencement of the action in assumpsit does not save the limitation of the statute; liens are only enforcible in equity: C. & V. R. R. Co. v. Fackney, 78 Ill. 116.

An execution could not issue upon the decree: Baptist Church v. Andrews, 87 Ill. 173.

Notice must be in compliance with the statute: Phillips on Mechanics' Lien, § 320; Shell v. Leland, 45 Mo. 289.

The evidence should be preserved in the record: White v. Morrison, 11 Ill. 361; Ward v. Owens, 12 Ill. 285; Mason v. Bair, 33 Ill. 196; Wright v. Lagley, 36 Ill. 381; Cooley v. Scarlett, 38 Ill. 316; Eaton v. Landers, 43 Ill. 435.

Mr. J. B. MAYHAM, for defendant in error; that this court will presume the findings of the court below were upon sufficient evidence, until the contrary appears, cited Campbell v. Head, 13 Ill. 122; Butler v. Mehrling, 15 Ill. 488; Hopkins v. Ladd, 35 Ill. 178; Lawson v. Lauyhaus, 85 Ill. 138; Nimnov v. Kuykendall, 85 Ill. 476; Gardner v. Russell, 78 Ill. 292; Choate v. Hathaway, 73 Ill. 518.

Statutes of Limitations must be specially pleaded: Greenup v. Van Winkle, 2 Gilm. 684; Burnap v. Wight, 14 Ill. 303; Borders v. Murphy, 78 Ill. 81.

BAKER, P. J. This was a proceeding prosecuted by the defendant in error, Willis Cauble, to establish and enforce a lien, under the act of April 3, 1872, upon the property of the Cairo and St. Louis Railroad Company. R. S. 1874, Ch. 82, § 52, et seq.; C. &. V. R. R. Co. v. Fackney, 78 Ill. 116. The case stated and made by the petition was to the effect that in June, 1873, said railroad company was engaged in building its railroad, and had contracted with Henry R. Payson and Ferdinand E. Canda, firm of A. R. Payson & Co., to construct and build the road; that petitioner was a sub-contractor under said H. R. Payson & Co., the original contractors, and that he, under a contract made with them, furnished to said H. R. Payson & Co. certain timber, and materials and performed labor for them, all of which were employed and used in the building and constructing of said railroad, and that thereby said H. R. Payson & Co., as original or chief contractors, became and were indebted to him, petitioner.

The cause was heard and disposed of only as between the

C. & St. L. R. R. Co. v. Cauble.

petitioner and the railroad company; and no action whatever was taken as against H. R. Payson & Co.    The evidence is not preserved in the record, further than as it appears in the findings of the court.    In order to sustain this proceeding as against the railroad company, and enforce a lien as against its property, it must appear that all the steps required by the statute have been taken.    The eighth section of the act of 1872 provides that " The lien hereby created shall continue for three months from the time of the performance of the sub-contract, or doing of the work or furnishing the material."    The act of April 5, 1869, which gave a lien to sub-contractors on any house or other building, also provided, in the ninth section of the act, that " the lien hereby created shall continue for three months from the time of the performance of the sub-contract, or doing of the work or furnishing materials."

It will be perceived the phraseology of the limitation here was identical with the phraseology of the limitation in the act now under consideration.    In the case of Huntington v. Barton, 64 Ill. 502, which was based on said act of 1869, it was held by the Supreme Court the petition was filed too late, as section nine of the statute made the lien in such case continue only for three months after the doing of the work or furnishing of materials, except when the suit was brought within such time. The same effect must be given to section eight of the act of 1872.

The finding of the court in the decree herein was:  " That this suit for the recovery of said sum due upon said contract for labor and material, was commenced within six months from and after said contract for labor and materials was completed, and material furnished by the petitioner and complainant to and for the defendant, the Cairo and St. Louis Railroad Company."

This finding of facts did not authorize the decree declaring a lien upon all the property, real, personal and mixed, of the railroad company.    In order to have justified a judgment or decree for a lien, the court must first have found, from the evidence, that the suit was commenced within three months from the time of the performance of the sub-contract.    The findings

of the court do not show at what date the sub-contract was performed, the materials furnished or work done. The suit may have been instituted within six months from that date, *non constat*, it was instituted within three months from that date. The statute is in derogation of the common law, and creates privileges and benefits not conferred on other creditors, and must be strictly construed. The person seeking the benefit of the statute must bring himself clearly within its provisions; one of these provisions is that the sub-contractor has a lien for only three months from the date of the performance of his contract, and the lien would only continue in existence for that length of time, unless prolonged by suit for its enforcement. Huntington v. Barton, *supra*, here it affirmatively appears by the recital in the decree, the lien was allowed by the court upon the theory the limitation was six months.

It is urged the petition fails to make out a case under which the court was authorized to render a decree for a lien, for the reason it is not shown therein the labor and materials were furnished to the original contractor " in conformity with any terms of any contract, express or implied" that the original contractor had with the railroad company. The petition does show the material and work were used and appropriated in and about the construction of the said railroad, and that the railroad company accepted the timber, lumber and material furnished, and labor performed by the petitioner. The acceptance by the company of the material and labor sufficiently shows they were furnished and performed in conformity with the contract between it and the original contractor. We think the averments of the petition in regard to giving the required notice in writing to the officers of the plaintiff in error, are sufficient, at least after decree rendered. It is in no case required that the notice should be accompanied with a copy of the contract between the railroad company and the original contractor; the words of the statute, " a copy of such contract," plainly refer to the contract made with the sub-contractor. There is no presumption that the contract between the original contractor and sub-contractor was in writing. Nor is it required that the sub contractor should set out his evidence in his

petition. The record in this case is considerably involved in obscurity. In the summons one M. S. Hall was named as a co-defendant; and in the introductory part of the original pleading filed by defendant in error, he was likewise named a co-defendant, but the subsequent averments of this pleading wholly ignore him, and only show or attempt to show a cause of action against the other defendants. It is not perceived what connection he has, or could have had, with the subject-matter of the controversy.

Payson and Canda were also at the first very properly made parties defendant, and the proceeding does not appear ever to have been dismissed as to them. The demurrer and answer filed after the cause was remanded from the Supreme Court, and after the filing of the amended petition, seem to enter the appearance of all the defendants. The final submission and hearing of the case was between the petitioner and the railroad company only, the other defendants being entirely ignored; and the judgment and decree of the court was against the railroad company alone. If, as we understand the record, the defendants Payson and Canda were in court, then it was error to proceed to final judgment and decree without disposing of the case as to them. They clearly have a legal and substantial interest in the subject-matter of the controversy. The indebtedness, as is shown by the petition, is their indebtedness, and arose out of a contract made by and between them and defendant in error. The decree to be entered in such case, should be against the corporation and the original contractors, and the lien should only be enforced, and the property of the railroad company sold, in default of payment within a day to be fixed by the court.

The original declaration or pleading filed by defendant in error has been brought before us by a writ of *certiorari*. The pleading is in form a declaration in assumpsit, and is so called by the pleader himself. The first count is special, and sets forth most of the material facts of the case that are stated in the present amended petition, and expressly discloses an intention to obtain and enforce a lien upon the property of the

railroad company. We think it may be regarded as an informal petition to enforce the lien given by the statute.

For the errors indicated herein, the judgment and decree of the Circuit Court is reversed and the cause remanded.

Reversed and remanded.