CONSTANTINE H. MURPHY ET AL.
v.
HARRIET E. STITH.

VENDOR'S LIEN—STRICT FORECLOSURE.—In a proceeding to subject lands to the payment of a vendor's lien reserved in the deed, it is error to decree a strict foreclosure, or by decree to cut off the time for redemption from sale under the decree. It is error to render a decree of strict foreclosure unless the land is taken in satisfaction of the entire debt, or where there are subsequent purchasers or incumbrancers.

ERROR to the Circuit Court of Christian county; the Hon. W. R. WELCH, Judge, presiding. Opinion filed January 22, 1880.

Mr. W. M. PROVINE, for plaintiff in error; that the lien reserved is to all intents a mortgage, cited Carpenter v. Mitchell, 54 Ill. 126; Markoe v. Andras, 67 Ill. 34.

The right of a mortgagor to redeem after condition broken, is purely equitable: Vallette v. Bennett, 69 Ill. 632; Kenyon v. Shreck, 52 Ill. 382.

As between mortgagor and mortgagee, the latter is owner of the fee: Nelson v. Pinegar, 30 Ill. 473; Carroll v. Ballance, 26 Ill. 9.

The reservation is a lien, not an estate: Carpenter v. Mitchell, 54 Ill. 126; 2 Story's Eq. Jur. § 1217.

The prayer is for sale subject to redemption, and the decree should conform to it: Ward v. Enders, 29 Ill. 519; Hall v. Towne, 45 Ill. 493; Heath v. Hurless, 73 Ill. 323; Gunnell v. Cockrill, 84 Ill. 323; Forquer v. Forquer, 21 Ill. 296; 1 Daniell's Ch. Pr. 378.

Under the general prayer the court may modify, for the benefit of defendant, the relief specially prayed: Vansant v. Allmon, 23 Ill. 30; Isaacs v. Steel, 3 Scam. 97; Stanley v. Valentine, 79 Ill. 544.

All facts must be clearly and positively averred: Primmer v. Patten, 32 Ill. 528.

Before strict foreclosure is decreed, insolvency of the mortgagor must be proved, and the complainant must offer to take the property in satisfaction of the debt: Rourke v. Coulton, 4 Bradwell, 257; Farrell v. Parlier, 50 Ill. 274; Johnson v. Donnell, 15 Ill. 97; Boyer v. Boyer, Ill. Syn. Rep. 79.

The court erred in rendering a decree for a deficiency: Johnson v. Shepard, 35 Mich. 122.

Mr. James M. Taylor, for defendant in error; as to what constitutes insolvency, cited 1 Bouv. Law Dic. 719; 1 Black. Com. 284; Hardy v. Clark, 3 Bank'y Rep. 99; *In re* Williams, 3 Bank'y Rep. 74; *In re* Wells, 3 Bank'y Rep. 95; *In re* Randall, 3 Bank'y Rep. 4.

A complainant cannot abandon specific relief prayed and under the general prayer ask other relief unless warranted by the facts charged: Hiern v. Mill, 13 Ves. 119; 1 Daniell's Ch. 385.

As to what may be granted under the general prayer: Isaacs v. Steele, 3 Scam. 97; Bryan v. Primm, Breese 59; Stanley v. Valentine, 79 Ill. 544; Manchester v. McKee, 4 Gilm. 511; Alexander v. Tams, 13 Ill. 221.

In support of the decree for strict foreclosure: Farrell v. Parlier, 50 Ill. 274; Johnson v. Donnell, 15 Ill. 97; Wilson v. Geisler, 19 Ill. 49; Stephens v. Bicknell, 27 Ill. 444.

A foreclosure discharges the mortgage debt when the premises are of greater value than the debt: 2 Jones on Mortgages, 950.

But a strict foreclosure does not extinguish the debt unless the premises are sufficient to pay it: Vansant v. Allmon, 23 Ill. 30; Edgerton v. Young, 43 Ill. 464.

McCulloch, J.   On the first day of January, A. D. 1867, defendant in error conveyed to plaintiff in error, Constantine H. Murphy, certain lands by a warranty deed containing this clause: " Which conveyance is made subject to the payment of five promissory notes for the sum of four hundred dollars each, bearing ten per cent. per annum from the first day of January, 1867, the interest to be paid annually, and to be paid on or before the

first day of January, each succeeding year, 1868, 1869, 1870 1871 and 1872; said notes having been given for the balance of the purchase money for said lands, and a full and complete vendor's lien being hereby reserved for the payment of said notes and interest, the ten per cent. interest being a part of the consideration for said land." On the 16th day of January, A. D. 1879, defendant in error filed her bill in chancery to enforce said lien, alleging that all of said notes were then long past due and the whole of the principal sum, together with nearly ten years' interest thereon, remained wholly unpaid; that said Murphy had no other property out of which the money could be made, and that said premises were not worth the said principal sum and accrued interest. The bill further alleged that George B. Peters and Milford K. Huffman had, or claimed to have, some interest in said premises as subsequent purchasers mortgagees, judgment creditors or otherwise. The bill then prays for a decree of foreclosure by sale in the ordinary way of foreclosing mortgages subject to redemption, with the general prayer for further or other relief.

All of the defendants in the court below having made default, the cause was referred to the master to take proofs, and upon the coming in of his report, the court found there was due from said Murphy to defendant in error the sum of three thousand six hundred and eighty-five 71-100 dollars; that he was wholly insolvent and unable to redeem said lands, and that the same were meager and scant security for the sum so found due; that the value of said premises was three thousand dollars and no more, and wholly insufficient to pay the amount so found due, and that no benefit could inure to any of the defendants to the bill by a sale. The court thereupon adjudged that said Murphy pay the sum so found due, with costs of suit, within ninety days from the date of the decree, and in default thereof, that he be forever barred and foreclosed from all equity of redemption and claim in and to said premises; that the master in chancery should execute, acknowledge and deliver to defendant in error a deed of conveyance conveying to her the said lands and all the interest of said Murphy in the same at the time of the commencement of the suit;

that said conveyance be made for the consideration of three thousand dollars, and that thereby that sum should be canceled and the decree discharged to that amount, and upon such deed being executed and the report of the master confirmed, execution should issue against said Murphy for the balance of the decree, and that said defendant in error should be let into possession.

This case differs widely from one for the foreclosure of a mortgage. A mortgage is a conveyance of land coupled with a condition that if the mortgagor shall pay a certain sum of money, or do a particular thing at a time certain, then the conveyance shall be void. If the mortgagor fails to perform the condition at the time specified, the estate becomes absolute, in the eye of the law, in the mortgagee. But owing to the hardship of such a rule of law, courts of equity long ago assumed to exercise an equitable jurisdiction over the subject of mortgages forfeited in law, and upon performance of the condition at a time subsequent to that named in the deed would decree a reconveyance from the mortgagee to the mortgagor. So, too, the mortgagee might invoke the aid of a court of equity to compel the mortgagor to redeem within a reasonable time, or be barred of his right to do so. The decree in such case vested no new estate in the mortgagee, but simply adjudged the estate to be absolute in him, and to permit him to enjoy the estate already vested in him by law. 2 Jones on Mort. §§ 1538–41. In this case the estate became vested absolutely in Murphy, the purchaser, subject to the lien of the vendor, the terms of which are set out in the deed. This is a well recognized equitable right, which exists as between vendor and vendee, and all persons purchasing with notice thereof, whether it be expressed in the deed or not. Putnam v. Dobbins, 38 Ill. 394. The only advantage, therefore, that we can see in making mention in the deed of the reservation of the lien, is to give notice thereof by the record, so as to prevent its being cut off by a conveyance to an innocent purchaser without notice. But it reserves no estate in the land in the grantor, nor does non-payment of the purchase money at maturity work a forfeiture of the estate granted. It only amounts to lien for so much money, which a court of

equity will enforce by rendering a decree for the sale of the land so charged. Cairo & Vincennes R. R. Co. v. Fackney, 78 Ill. 116. In this case the decree goes much further. It declares a forfeiture of the entire estate granted, by directing the master to execute a conveyance to the lien holder. In this the court erred. The decree should have directed a sale of the premises, subject to redemption. R. S. 1874, Ch. 77, § 16.

It was also error in the court to allow defendant in error to take the land at a valuation fixed by the decree, and to order an execution for the remainder. We have decided at the present term, Miller v. Davis (*ante* 474,) that in this state it is error to render a decree of strict foreclosure, unless it is taken in satisfaction of the entire debt secured by the mortgage. We have also decided in Rourke v. Coulton, 4 Bradwell, 257, that it is error to render a decree of strict foreclosure when there are subsequent purchasers or incumbrancers. In this case the bill alleged that there were parties who had an interest in the premises acquired subsequent to the accruing of the lien. The bill did not pray specifically for a decree of strict foreclosure, but only for a sale such as the statute directs. These parties might well have rested on their right of redemption secured to them by the statute, and so made no defense to the bill. But under the general prayer for relief, the court went on and decreed that unless they discharged the lien of defendant in error, their right of redemption should also be foreclosed, and if in possession at the time of the confirmation of the master's deed, they should surrender possession, or be held in contempt of court. Even if the prayer of the bill had been sufficient to support a decree of this character, yet for want of sufficient allegations in the bill to sustain a decree of strict foreclosure against Murphy, this relief must also fail in respect to the subsequent purchasers or incumbrancers.

For these reasons the decree of the Circuit Court is reversed and the cause remanded.

Decree reversed and remanded.