MOSES F. RITTENHOUSE AND JESSE R. EMBREE

v.

D. F. SABLE ET AL.

*Mechanic's Liens—Delay—Loss of Lien by.*

It appearing upon the face of a bill, asserting a mechanic's lien, that com-
plainants had delayed filing the same beyond the statutory period, and
nothing appearing to excuse such delay, a demurrer to the bill was properly
sustained.

[Opinion filed January 14, 1892.]

APPEAL from the Superior Court of Cook County; the Hon.
KIRK HAWES, Judge, presiding.

Appellants, January 17, 1891, filed their bill in the court
below, setting forth that on or about April 24, 1890, one
D. F. Sable had the contract or was about to erect a building
for one Aaron S. Berkowsky upon certain real estate in Cook
county, and that appellants entered into a verbal agreement
with the said Sable to furnish building material for the con-
struction of said building; that the contract was for no spe-
cific amount, but for such material as should, from time to
time, be ordered by said Sable, the prices to be reasonable,
and that appellants were to be paid as the work progressed
upon the building, and in full within thirty days after the last
delivery by them; that they commenced delivering building

material about April 24, 1890, and so continued until about August 11, 1890, when the last bill was delivered, and that said building was to be finished on or before the first day of December, 1890; that on July 24, 1890, they caused a mechanic's lien notice to be served on said Berkowsky; and on October 20, 1890, they filed with the clerk of the Circuit Court of Cook County, a claim of lien in accordance with the statute, and that thereupon the said clerk made the proper entries thereof, as was his duty, and in accordance with the law; that the said Sable, upon the request of the said Berkowsky, made divers sworn statements in obedience to, and in accordance with the statute in such cases made and provided, and that the said Berkowsky, as was his duty to do, has retained in his hands the sum of $3,800, which money is equitably due and payable to the persons who furnished labor and material for the said building, as their respective rights shall appear; and that the said sum should be held as a trust fund for the payment of all persons who furnished labor and material for said building; but appellants show that the said Berkowsky, conspiring with the said Sable, refuses to settle and distribute the funds, and denies that appellants have any right to a mechanic's lien on said building, on the ground that said Sable & Co. were not original contractors; and the said Berkowsky claims that Johnson and Beilman were the original contractors, and that Sable was a sub-contractor, which claim, appellants insist, is a scheme to confuse them and cheat and defraud them and other persons in like circumstances with them, out of their pay for furnishing labor and materials for said building, and that appellants have no means of knowing how the accounts of said Berkowsky, with said Sable, Johnson and Bielman and other persons who furnished labor and materials for said building, stand. Appellants therefore bring this bill, and pray that an account may be taken, under the direction of the court, and that they may be decreed to have a lien upon said premises for the amount due them, and that if the court shall find that they are not entitled to a lien upon the premises, that whatever sum may, on an accounting, be found to be in the hands of, or under the control of

Berkowsky, due the contractors for and on account of the said building, may be decreed to be a trust fund for the use and benefit of all persons who furnished labor and materials used in and upon said building, and that the said Berkowsky may be ordered to pay the same, according to the respective rights of such persons.

A demurrer to the bill was sustained, and the complainants bring this appeal.

Messrs. H. C. BENNETT and W. A. PHELPS, for appellants.

Messrs. WEIGLEY, BULKLEY & GRAY, for Aaron S. Berkowsky and Mary F. Berkowsky.

WATERMAN, P. J. There is nothing in this petition to show when the amount to be paid Sable, who is alleged to have been the original contractor, became due. It may be inferred that he was not to be fully paid for all done by him until he finished the building, which it is alleged he was to do "on or before the first day of December, 1890;" but when the building was finished is not shown. There is, therefore, nothing shown to excuse the delay in filing the petition, of more than four months from the time the claim was due. The case falls under the provisions of Sec. 47 of the law covering liens. If appellants have lost their lien on the premises, they have lost all claim upon the owner. Whatever sum is unpaid upon the original contract belongs to the original contractor, subject to the claims of those entitled to liens under and by virtue of such contract, of whom appellants are not. Sable & Co., owing appellants, may be sued by them, and when a judgment has been obtained against those indebted to appellants, they may proceed against all persons owing their debtors. It is a mistake to assume that whatever may be due under the original contract is a fund held or chargeable in any way with a trust for the benefit of appellants.

The decree of the Superior Court dismissing the bill is affirmed.

*Decree affirmed.*