# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

## FIRST DISTRICT—MARCH TERM, 1898.

### Green & Lombard Lumber Co. v. Lewis R. Bain, Jacob Lilley, The Northern Trust Co., and Unknown Owners.

1. MECHANICS' LIENS—*Sub-Contractors—Notice.*—A sub-contractor or party furnishing materials, in order to preserve his lien, must give a notice to the owner showing the amount due or to become due and when it became due or will become due.

2. SAME—*Suit to Enforce Liens—When to be Commenced.*—A suit to enforce a sub-contractor's lien must be commenced within four months after the time that the final payment is shown to be due to the sub-contractor or party furnishing materials.

**Petition to Enforce a Mechanic's Lien.**—Trial in the Superior Court of Cook County; the Hon. HENRY V. FREEMAN, Judge, presiding. Hearing and petition dismissed. Appeal by petitioner. Heard in this court at the March term, 1898. Affirmed. Opinion filed July 21, 1898.

LEVI SPRAGUE, attorney for appellant.

HOWARD COLLVER, attorney for appellees.

MR. JUSTICE SEARS delivered the opinion of the court.

Appellant filed its petition to enforce a mechanic's lien against appellees. Appellee Bain, who is owner of the property upon which lien is sought, filed a demurrer to the petition. The demurrer was sustained and the petition dismissed. The only question as to the propriety of the decree

dismissing the petition arises by reason of the form of the notice given to appellee Bain by appellant. The lien accrued under the statute of 1895. The notice served is as follows:

### NOTICE OF LIEN.

To L. R. BAIN: You are hereby notified that the Green & Lombard Lumber Co., a corporation, etc., under the laws of the State of Illinois, having its principal office in Chicago, has been employed by Jacob Lilley, a contractor, to furnish lumber, material, etc., upon your building at Flournoy and Kedzie Ave., in Chicago, in the county of Cook and State of Illinois, and that it will hold the building and your interest in the grounds liable for the amount of $489.22 dollars, due it on account thereof.

Dated this 4th day of February, A. D. 1897.

GREEN & LOMBARD LUMBER Co.

By George Green, President."

The petition to enforce the lien was filed on June 15, 1897.

Appellant was a sub-contractor, or party furnishing materials. The statute requires that to preserve his lien against the owner, a sub-contractor, or party furnishing materials, must give a notice to the owner which, among other things, must show the amount due or to become due, and when it became or will become due.

If this notice can be held to comply with the requirement of the statute, it must be by construing it to state the amount therein named to be due at the date of the notice, viz., February 4, 1897.

But the statute also provides that suit to enforce such lien must be begun within four months after the time that the final payment is shown to be due to the sub-contractor or party furnishing materials. This suit was begun on June 15, 1897, after the expiration of the four months. Such statutory provisions are enforced by the courts. Huntington v. Barton, 64 Ill. 502; Rittenhouse v. Sable, 43 Ill. App. 558.

The demurrer was properly sustained.

The decree is affirmed.