H. L. Angerer and Robert Abeles, Jr., Appellees, v. Southern Traction Company of Illinois et al., Appellants.
John D. Vogt, Appellee, v. Southern Traction Company of Illinois et al., Appellants.

### (Not to be reported in full.)

Appeal from the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the March term, 1916. Reversed and remanded with directions. Opinion filed November 13, 1916. Rehearing denied and opinion modified and refiled January 13, 1917. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Railroad lien proceeding by H. L. Angerer and Robert Abeles, Jr., complainants, against Southern Traction Company of Illinois, Lorimer & Gallagher Company and Union Trust & Savings Bank of East St. Louis, Illinois, as trustee, defendants, to establish a lien against said traction company for ties alleged to have been furnished said Lorimer & Gallagher Company as general contractors for the construction of a line of railroad for said traction company, and claiming as due the sum of $26,485.84, and intervening petitions by John D. Vogt for a lien for work and labor performed by him in the construction of the right of way, and a lien as judgment creditor. From a decree of the Circuit Court confirming findings of a master to whom the case was referred and rendering a decree in accordance therewith, granting H. L. Angerer, for the use of Robert Abeles, Jr., a lien against said traction company for $33,282.80, and the intervening petitioner, Vogt, a lien for $9,487.99 for work and labor and as judgment creditor for $4,252.83, defendants appeal.

S. W. Baxter, J. E. Hamlin and J. L. Flannigen, for appellant Southern Traction Company of Illinois.

Joseph W. Moses and John C. Slade, for appellant Union Trust & Savings Bank of East St. Louis; Joseph W. Moses and Henry Jackson Darby, of counsel.

George B. Logan and Kramer, Kramer & Campbell, for appellees H. L. Angerer and Robert Abeles, Jr.

Turner & Holder, for appellee John D. Vogt.

Mr. Justice Boggs delivered the opinion of the court.

## Abstract of the Decision.

1. Railroads, § 397*—*who are subcontractors entitled to lien.* Where the owner of practically all of the stock and bonds of a railroad corporation, and who was acting as its general agent, entered into a contract with the company for the construction and equipment of its railroad whereby said company agreed to guarantee any contract entered into by him for the building of said road, and on the same day he entered into a contract with a construction company for the construction of a part of said road, and the railroad in an agreement with the latter guaranteed the faithful performance of the contract, which provided that the railroad company "makes itself directly liable" to the construction company and that the latter should "bear the relation and enjoy the rights of a contractor under and by virtue of the lien laws of the State of Illinois," *held* that the construction company was a contractor and not a subcontractor, and that those with whom such company contracted for materials were subcontractors and entitled as such to maintain a lien.

2. Appeal and error, § 488*—*when findings of master may not be objected to on appeal.* A finding of fact made by a master in chancery, which is not objected to before the master or excepted to on the hearing before the court, cannot be objected to for the first time in the Appellate Court.

3. Railroads, § 397*—*when subcontractor entitled to a lien.*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Angerer et al. v. Southern Traction Co., 203 Ill. App. 25.

Under the provisions of section 7 of the Railroad Lien Statute (Hurd's Rev. St. ch. 82, sec. 13 (J. & A. ¶ 7189), a subcontractor has a right to a lien upon giving the proper notice and taking the necessary steps notwithstanding the original contractor has not completed his contract, or has abandoned the same.

4. ASSIGNMENTS, § 31*—*when lien of railroad subcontractor is enforceable by his assignee.* The lien of a subcontractor under the railroad lien statute is enforceable in equity by the assignee of such contractor suing in the name of the latter, distinguishing the case of *Cairo & V. R. Co. v. Fackney*, 78 Ill. 116.

5. LIMITATION OF ACTIONS, § 64*—*what constitutes statement of new cause of action in amended bill claiming railway subcontractor's lien.* Where an amended bill claiming a subcontractor's lien under the railroad lien statute was filed more than three months after the lien had accrued, including therein extra materials not included in the original bill filed within said three months, *held* that the claimant would not be entitled to a lien for such extras for the reason that, as to them, said amended bill set forth a new cause of action.

6. INTEREST, § 76*—*when not allowed.* Unless interest is asked in a bill claiming a lien under the railroad lien statute, the court would not be authorized to decree interest to such claimant.

7. RAILROADS, § 408*—*when .party is not in position to insist upon determination of priority of lien.* Where a railroad company, against which and its general contractor, a railroad lien proceeding was instituted for the construction of its road, by a subcontractor, was shown to be in the hands of a receiver, and the general contractor in the bankruptcy court, and a bank, also made a defendant to the proceeding, appeared by its answer to hold certain bonds of said company as collateral security for a loan made by such bank to certain individuals, and appeared to be defendant in another suit in a federal court with reference to the same bonds and had been enjoined from turning them over to anybody, *held* that aside from the bankruptcy and receivership proceedings the bank was not in a position to insist on a decree giving it a prior lien on the property involved.

8. APPEAL AND ERROR, § 1666*—*when right to raise question as to nonjoinder of party defendant is waived.* Where, in a subcontractor's proceeding under the railroad lien statute, an amended bill was filed after the expiration of three months from the accrual of the lien claimed, making a new defendant a party to such proceeding, who neither by plea in abatement, demurrer nor plea of the statute of limitations raised the question in the trial court of the right to maintain such proceedings by reason of such de-

⁴See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

fendant not having been made a party thereto within the three months specified in said statute, *held* that such defendant waived the right to raise such question and could not for the first time present the same in the Appellate Court.

9. RAILROADS—*when objection that defendant should have been made party to intervening petition in subcontractor's proceeding for lien is without merit.* Where, in a subcontractor's proceeding under the railroad lien statute, another subcontractor intervened, claiming also in part as a judgment creditor, an objection on the part of a defendant in the original proceeding, who claimed a lien as a bondholder, that it should have been made a party to ·the intervening petition, *held* to be without merit, since such petition amounted, in effect, to an answer and not to a cross-bill.