Dennis A. Driscoll
vs.
Walter W. Goff,
Assignee, et als.
} Eq. No. 11015.

March 1, 1932.

BLODGETT, P. J. Heard upon demurrer to bill.

The bill seeks the establishment of an equitable lien in behalf of complainant upon funds in the hands of the St. Vincent de Paul Infant Asylum.

Omer and Simeon Lavigne, general contractors, had a contract with said Asylum for the erection of a building owned by said Asylum. Complainant is a sub-contractor under a contract for furnishing certain labor and materials for said Lavignes to be used in such construction. The Lavignes made an assignment for the benefit of their creditors to Walter W. Goff.

The St. Vincent de Paul Infant Asylum, under the contract with the Lavignes retained in their hands fifteen per cent. of the amount due under said contract.

This bill seeks to establish an equitable lien upon said fund in favor of complainant. The main question raised by the demurrer is whether complainant is entitled to an equitable lien on the fund retained by the respondent (hereinafter referred to as the Asylum), said complainant having failed to proceed under Chapter 301, Gen. Laws of 1923, to establish the lien of a sub-contractor.

Complainant bases his claim upon a principal of law referred to in 37 C. J., Article "Liens," Sec. 24, p. 319:

"In the absence of an express contract an equitable lien based upon those maxims which lie at the foundation of equity jurisprudence may arise by implication out of general consideration of right and justice where if applied to the relations of the parties and the circumstances of their dealings there is some obligation of duty to be enforced."

The complainant in the present case was a sub-contractor for certain plastering on the building being erected for the Asylum by the Lavignes. The bill does not allege any privity of contract between complainant and the Asylum. Contract of complainant was with the Lavignes. The bill at most sets forth

only an implied contract with the Asylum by reason of the completion of the work by complainant under his contract with the Lavignes, and the payment to the Lavignes by the Asylum of eighty-five per cent. of the amount due under the contract for erecting the building. Complainant claims an equitable lien in the fifteen per cent. retained by the Asylum.

Do the facts set forth in the bill disclose any relations of the parties or any circumstances of their dealings which would raise any obligation or duty on the part of the Asylum to enforce payment out of the fund retained by it, to the complainant?

The only case cited by brief of complainant is

Dowling vs. Seattle, 22 Wash. 592.

In that case a general contractor, erecting a building for the city, absconded before completion of the work, leaving money in the hands of the city due him, and also leaving indebtedness to workmen and material men. There it was held that workmen and material men had an equitable lien upon said fund as against a surety on a bond of the general contractor, on the ground that the contract had been abandoned and the contractor had no contract rights.

There is no allegation in the present bill of any abandonment of the contract between the Lavignes and the Asylum.

The great weight of authority is contrary to the contention of claimant, as cited in brief of the assignee.

Winthow Lumber Co. vs. Glasgow Inv. Co., 101 Fed. 863;

Canal Co. vs. Gordon, 6 Wall. 561, 571;

Shackelford vs. Beck, 80 Vir. 573, 577;

Quinlan vs. Russell, 47 N. Y. Sup. 212-221;

Rittenhouse vs. Sable, 43 Ill. App. 558, 559;

Breneman vs. Harvey, 70 Iowa 479, 480;

20 Amer. & Eng. Ency. of Law (2d ed.) 275;

1 Jones on Liens, Sec. 53.

The theory of the bill is that the original contractors were obliged under their contract to send monthly estimates of the work completed by them and in sending such estimates included plastering work done by complainant, and that said contractors received payment for such plaster work from the Asylum and failed to pay the complainant who had done the work, and that, therefore, an equitable lien arose as to the funds remaining in the hands of the Asylum, in favor of complainant.

The only remedy of complainant lies in the statute of Mechanics' Liens, passed by the Legislature for the benefit of such sub-contractors.

Demurrer is sustained.

For complainants: Curran, Hart, Gainer & Carr.

For respondents: Baker & Spicer.