## FORD GOLD MINING CO. *v.* LANGFORD et al.

PRACTICE IN LIEN CASES. Under the Mechanics' Lien Act of 1864 (3d Sess. 102), all creditors interested in the premises to be charged may have their claims adjusted in one suit.

*The better practice* for creditors, who seek to establish a lien in a pending suit, is to file a bill in the nature of a cross-bill setting forth the facts respecting the lien in the same way as if the bill were original, and making the debtor and all other parties to the suit defendants therein.

In whatever way creditors, who are defendants in the bill, are allowed to assert their demands, they must observe the same strictness in pleading that is required of the party who institutes the suit.

*If a defendant creditor* sets up a lien in his answer, an opportunity should be afforded the debtor and all other parties to the suit to resist his demand.

*If the debtor* and the other parties fail to answer his allegations within the time fixed by the court, there should be an order taking the answer as confessed, and the subsequent proceedings should be the same as upon a bill.

ANSWERS INSUFFICIENT. The answers in this case are insufficient to support the decree in not showing, 1st. The time when the contracts were made; 2d. The kind of labor performed; 3d. The quantity of materials furnished; and they contain no prayer for relief.

ANSWER *without oath*. It may be doubtful whether complainants can deprive defendants of the benefit of their oaths in this proceeding. But if the oath is waived and the answer is put in without oath, there is no ground for complaint.

Although the sufficiency of the bill was not questioned, the decree was wholly reversed, in order that the district court might have full control of the cause.

*Error to District Court, Gilpin County.*

Messrs. REMINE & HULETT, for plaintiff in error.

Mr. E. T. WELLS, for defendants in error.

HALLETT, C. J.   Langford, Marshall and the Lees commenced proceedings in the district court of Gilpin county to enforce a mechanics' lien upon certain property of the plaintiff in error.   Under a charge that they had, or claimed to have, some interest in the premises or a lien thereon, several persons were made defendants in the bill with the plaintiff in error, and the oaths of defendants to their answers were waived.   Some of the defendants answered under oath, and others without oath, responding to the allegations of the bill, and asserting liens upon the premises therein described.   The bill was taken as confessed, and a decree was entered in favor of the complainants therein and in favor of those defendants who, in their answers, claimed liens upon the premises, establishing such liens.

It is assigned for error that there was no service upon the plaintiff in error in the court below, but this was not relied upon in argument, and we have not discovered any defect in the service.

Other questions are presented by the assignment of errors, but we shall notice those only which relate to the sufficiency of the pleadings.

This proceeding is founded upon the act of 1864, to create a lien in favor of mechanics and others in certain cases. By the twenty-fifth section of the act it appears that, in suits instituted under its provisions, all persons interested in the property charged with the lien may be made parties, and if they are not made parties, by the nineteenth section they may, on application to the court at any time before judgment, become parties.   By the twenty-fourth section, creditors are allowed to contest each other's right as to the lien and as to the amount due, and, by the tenth section, lien creditors are to share *pro rata* in the proceeds of the property, and the court is to ascertain what amount shall be paid to each.

From these and other provisions of the act, it appears that all creditors who are interested in the premises to be charged with a lien may have their claims adjusted in one suit. The party who initiates the proceeding is required to commence by bill or petition containing a brief statement of the contract or agreement out of which the lien arises, a description of the premises subject to the lien, the amount claimed to be due, and all facts necessary to establish the lien under the act. In what way creditors, who are made defendants to the bill, or who become parties to the suit upon their own application, are to proceed to establish their demands, is not pointed out by the statute.

In the State of Illinois, under a statute containing provisions similar to those we are considering, it seems that lien creditors are allowed to assert their demands in a suit pending by answer and by what is singularly and, perhaps, inappropriately called a bill of interpleader. *Power et al.* v. *McCord et al.*, 36 Ill. 214; *Martin et al.* v. *Eversal et al.*, id. 222.

In whatever way lien creditors, who are made defendants in the bill, are allowed to assert their demands, it seems to us that they ought to be held to the same strictness in pleading that is required of the party who institutes the suit. All creditors ought to stand upon the same footing, and, whether they are complainants or defendants, they should establish their demands according to the statute. Perhaps the pleading adopted by a creditor who seeks to establish a lien in a pending suit is not material to the rights of the several parties in interest, but we think that much confusion may be avoided by requiring every such creditor to file a bill in the nature of a cross-bill, setting forth the facts respecting the lien in the same way as if the bill were original, and making the debtor and all other parties to the suit defendants therein. In this mode of proceeding an opportunity would be given the debtor and all other parties to contest the petitioner's right to recover, and this opportunity must be given in whatever way the claim is asserted. We are not prepared to say that a defendant, who is a lien creditor, may not present his lien in his answer,

but if he do so, as to the lien, his answer must be substantially a bill. He must set forth the facts upon which he relies to establish his lien with the same particularity as if the proceedings had been instituted by him. He must require the debtor and the other parties to the suit to answer his answer, and he must regularly pray for the relief which he seeks. If the debtor and the other parties fail to answer his allegations within the time fixed by the court, there should be an order taking the answer in which the lien is set up as confessed, and the subsequent proceedings should be the same as upon a bill. In no other way can an opportunity be given the debtor and the other parties interested in the premises to resist the demand which the petitioner seeks to establish, and the right so to resist is secured to them by the statute and rests upon the principles of justice.

The defendants, who sought to establish liens in this action, have not, in their answers, stated sufficient facts to sustain the decree. In no instance is the time when the contract or agreement was made stated in the answer. In those cases in which the parties claim a lien for labor performed, there is a general allegation that labor was performed in erecting and constructing the mill. This is not sufficient. The court should be informed whether the party labored as carpenter, mason or otherwise, in order that it may be seen whether he is entitled to a lien. In the answer of Bell & Scott, the quantity of fire-brick clay and tile furnished by them is not stated. There is no prayer for relief in these answers. The parties ask that the court will protect their rights, but they do not ask that their liens may be established, that the amounts due them may be ascertained, or that the premises may be sold. Possibly a careful examination would reveal other defects in these answers, but it is unnecessary to look further. It does not appear that any opportunity was given the plaintiff in error to contest the liens set up in these answers. These defendants, who claimed liens, equally with the complainants in the bill, were seeking to establish demands against the plaintiff in error. Nominally defendants, they were, in

fact, complainants, and should have been regarded as complainants in so far as their action was adverse to the plaintiff in error.

It is assigned for error, that some of the answers of defendants were put in without oath. Under this statute, it may be doubtful whether complainants, by waiving the oath of defendants to their answer, can deprive defendants of the benefit of their oath if the defendants put in their answer under oath. If complainants waive the oath, and defendants accept the waiver by putting in the answer without oath, it is difficult to perceive upon what principle the proceedings can be regarded as erroneous. By consent of parties, an answer may be put in without oath, but an order of the court should be obtained for that purpose. 1 Daniel's Ch. Prac. (3d Am. ed.) 748. No order of the court, allowing the defendants to answer without oath, was obtained in this cause, but, as the court received and acted upon the answers, probably we should not, for that reason alone, reverse the decree. What we have said upon this point applies to those portions of the answers only which are responsive to the complainant's bill. We have seen that, in so far as the answers relate to the liens of the defendants, they are in the nature of bills of complaint. Now the statute does not require that the bill shall be sworn to, and when the lien is set up in another pleading, there is no greater reason why the pleading should be under oath than when the lien is set up in a bill.

Because of the insufficiency of the answers in respect to the substantial allegations therein, this decree must be reversed. No question is made in the assignment of error as to the sufficiency of the bill, and we are asked to affirm the decree as to the complainants therein. We think that the cause should be fully under the control of the court below, that the rights of all parties may be adjusted, and therefore the decree is wholly reversed and the cause remanded for further proceedings according to the views herein expressed.

*Reversed.*