Bissell, P. J.,
delivered the opinion of the court.
This judgment was taken by default, and the record brought up by the writ contains none of the evidence whereon the decree was entered. From the complaint and the recitals of the decree, it would appear that, during the summer of 1890, Sydney Flinn did work and labor for the Arkansas Land and Canal Company on the canal property proper, and upon certain lands of which it is charged the corporation was the lessee and in possession. The value of the work was about $400. The suit was brought to recover this sum, and evidently to enforce what the plaintiff claimed was a lien against this property. After default a decree was entered *382 which gave judgment to Flinn against the company for the sum claimed, and also declared and established his lien on the canal, and directed its sale. The case is brought up on error, and the judgment is assailed on many grounds — some of which are well taken. The opinion will not be prolonged to the extent which woúld be requisite to the setting out of the complaint or of the entire decree — enough only will be stated to show that the errors are well laid, and that the judgment cannot be permitted to stand.
In reality the complaint is in substance nothing more than a statement of a cause of action for money due for work done. In that particular, if the judgment had been simply against the company for so much money, it would have been unassailable. Nothing is better settled in the law than that the lien statutes are in derogation of the common law — creatures purely of the legislative will, and to be strictly construed wherever parties attempt to assert rights under them. In order to entitle a plaintiff to maintain a suit in the nature of a bill in equity to foreclose his lien, he must in his complaint allege everything essential to the existence and establishment of his claim, and by allegations — both specific and general' — ■ bring himself literally within the terms of the statute. Davis v. Alvord, 94 U. S. 545; Pilz v. Killingworth et al., 20 Ore. 432; Ford Gold Mining Co. v. Langford et al., 1 Colo. 62; Anderson v. Bingham, Teague & Co., 1 Colo. Ct. App. 222.
Tested by these simple rules the complaint did not state a cause of action for the foreclosure of a mechanics’ lien. There was no allegation descriptive of the labor performed, from which it could be ascertained whether the work was of the sort which would entitle the claimant to a lien, no averment that a notice of lien had been filed which in its particulars was in conformity with the statute, and generally there was an absence of all allegations from which even inferentially it could be determined that Flinn had ever acquired a right to a lien on the property. Wanting these essentials, the complaint evidently failed to state a cause of action as upon a mechanics’ lien which the plaintiff was entitled to enforce. *383 While these allegations were wanting, the plaintiff did aver, without stating its form, its substance, or its contents, that he had filed a lien in Bent county, whereby it becomes evident that in Prowers and Otero counties no notice had been put on record, according to the statutory requirement. The complaint and the decree both show that the canal which, with all of its franchises, right of way, head-gates, etc., was ordered to be sold, runs through all three of these counties, and the court in its judgment, and evidently without proof of the filing of a notice in any other than Bent county, decreed the lien to be coextensive with the length of the canal, and to reach all the property of the defendant company, wheresoever it might be situate, and on which the plaintiff claimed to have done work. Manifestly this did not accord with the law, for where the statute requires (General Statutes, § 2140) that the party who claims a lien shall file his notice in the county where the property is situate, the notice must be filed in every county wherein the land or property is located,on which the lien is claimed to cover. This has been adjudged in the case of a railroad company where the contractor sought to foreclose a lien which was asserted to be coextensive with the line of the road, though filed in but one county through which it ran. Boston & Co. v. C. & O. R. R. Co. et al., 76 Va. 180.
There can be no difference in principle between the enforcement of a lien against the line of a road, and the foreclosure of a like claim against a canal which runs for many miles and through different counties. It is wholly unnecessary to determine whether Flinn could enforce his claim against that part of the canal located in Bent county, because he was not entitled by reason of the deficiencies in his complaint to enforce a lien at all. If the case ever reaches the stage, by amendment or otherwise, whereby Flinn becomes entitled to assert his claim, if he has one, the court, in the light of the authorities herein cited, will be able to determine the extent to which he ought to go.
Since the complaint did not state facts sufficient to con *384 stitute a cause of action for the foreclosure of a lien, and the decree adjudged him entitled to rights which he did not possess, it is apparent that this cause must be reversed and remanded.

Reversed.