# Richmond.

SERGEANT ET UX. V. DENBY ET AL.

December 11th, 1890.

MECHANICS' LIEN—*Joint contract—Joint lien—Case at bar.*—Mrs. S. bargained
with general contractors, D. & W., to build two houses on two distinct
lots, for an entire price, and the latter bargained with sub-contractor,
D., to furnish materials for the entire work, and the work is done and
the materials furnished accordingly: *held*, the lien of the general con-
tractors and of the sub-contractor is joint on both houses, under Code
1873, ch. 115, sec. 3.

Appeal from decree of circuit court of Norfolk city, ren-
dered September 10th, 1889, in a chancery cause wherein
William Denby, Jr., was complainant, and Elizabeth F. Ser-
geant and W. H. Sergeant, her husband, and others were de-
fendants. The decree being adverse to Sergeant and wife,
they appealed. Opinion states the case.

*Borland & Willcox,* for the appellants.

*Harmanson & Heath,* for the appellees.

LEWIS, P., delivered the opinion of the court.

The case, briefly stated, is as follows:

In July, 1887, Mrs. Elizabeth F. Sergeant, being the owner
of two lots in Norfolk, one situate on the east side, the other
on the west side, of Boush street, contracted, through her

husband and agent, Wm. H. Sergeant, with Dykes & Wilkins, general contractors, to construct, and to furnish all the materials requisite for the completion of, two two-story brick dwellings thereon. The contract was not for so much money for each house, but the agreement was "that the price of said materials and of doing and putting up said work shall be $5,214," payable in instalments.

The house on the west side of the street was completed early in January, 1888; that on the east side not until several weeks afterwards, to-wit, on the 27th of that month. Dykes & Wilkins contracted with the plaintiff to furnish certain materials for the work, which was done, and, within thirty days after the completion of the last mentioned house, to-wit, on the 23d of February, he filed his claim of lien in the proper clerk's office, and gave notice thereof, as required by the statute. The lien claimed was a joint lien on both houses and lots.

The object of the suit was to enforce this lien, and the single question is as to its validity. The defence in the court below was, and the same point is made by Sergeant and wife, the appellants here, that the alleged lien is void, because, they say, a joint lien, in such a case, is not given by the statute, but that, if a lien is claimed at all, it must be a separate and distinct lien on each building for the amount of the materials actually delivered for its construction.

The lien was claimed under the third section of chapter 115 of the Code of 1873, which provides that "all artisans, builders, mechanics, lumber dealers and others performing labor or furnishing materials for the construction, repair or improvement of any building or other property, shall have a lien, as hereinafter provided, upon such property, and so much land therewith, as shall be necessary for the convenient use and enjoyment of the premises, for the work done and materials furnished," etc.

We do not concur in the appellants' view as to the proper.

construction of this statute, and are of opinion that the decree of the circuit court, maintaining the lien, is right. There was no separate contract between the owner and the general contractors for each house, nor was there any provision in the contract that a separate account for each house should be kept. But the contract was for an entire work, and the contract between the general contractors and the plaintiff was of the same nature; that is, for materials, not for each house separately, but for the entire work for which they had contracted with the owner.

It is clear, therefore, that, as between the general contractors and the owner, the two buildings must be considered as, in effect, one piece of work, and that the right of the former to a joint lien on both for any balance due them, upon complying with the terms of the statute, could not have been successfully controverted. Indeed, in such a case, the lien must be joint or not at all; for although a lien is a creature of the statute, it must have its foundation in a contract. Hence it must correspond with the contract, as has been decided by other courts in analogous cases upon statutes similar to ours.

In *Pennock* v. *Hoover*, 5 Rawle, 291, the right to a joint lien upon several houses, the property of the same person, was maintained, although the statute of Pennsylvania provided that " every dwelling-house or other building (using the singular number) shall be subject to the payment of the debts contracted " for building it. And to the same effect is *Phillips* v. *Gilbert*, 101 U. S., 721. In that case a joint lien was claimed by a general contractor on six houses and lots in the city of Washington, under an act of congress which gave a lien, upon certain conditions, to any person who should, by virtue of a contract with the owner of any building, perform labor or furnish materials for its construction and repair. The validity of the lien was contested on the ground that the claim of lien was made in gross, without specifically setting forth the amount claimed upon each lot. But the supreme court, speaking by

Mr. Justice Bradley held that there was nothing in this objection; that the contract was one, and related to all the buildings as an entirety, and not to the particular buildings separately; that the whole now was a building, within the meaning of the statute, from having been united by the parties in one contract, as one general piece of work. See, also, Phillips, Mech. Liens (2d ed.), sec. 369.

In the cases just mentioned the lots, it is true, were contiguous, but we perceive no distinction in principle between a case of that sort and one, like the present, where the lots are separated by a street in the same city; for it is not so much the location of the premises as the contract between the parties that determines whether the lien must be joint or several. The case of *Chambers* v. *Yarrall,* 15 Pa. St., 256, referred to by appellants' counsel, was decided upon the peculiar language of the Pennsylvania act of 1836, and is, therefore, not in point.

Nor is the case affected by the fact that the plaintiff is a subcontractor. The general contractors, by virtue of their contract with the owner, had implied authority to contract with him as they did, and that contract constitutes, under our statute, a sufficient foundation for the lien asserted. Phillips, Mech. Liens (2d ed.), sec. 60; *Shen. Valley R. R. Co.* v. *Miller,* 80 Va., 821, 831.

DECREE AFFIRMED.