## Richmond.

### GILMAN & OTHERS v. RYAN & OTHERS.

JANUARY 20, 1898.

Absent, Cardwell, J.

1. APPEAL—*Amount in Controversy—Several Claims Each Less Than $500.*—Where the jurisdiction of this court is fixed by the amount in controversy, and the claim of each of several complainants is less than $500, and the decision of the trial court is adverse to the claim, this court has no jurisdiction of the appeal and, if awarded, it will be dismissed.

2. MECHANIC'S LIEN—*Account—Sufficiency of—Entire Contract—Case at Bar.*—The filing of the account as required by statute is the initial and one of the most important steps in the establishment of a mechanic's lien. Unless the work done or materials furnished are contracted for as an entirety, and it is so set out in the account filed, the account must set out substantially the amount of the work done, and materials furnished, and the prices charged therefor. In the case at bar these requisites have not been complied with. An account which simply charges "for materials furnished and work done" in plastering certain enumerated houses, or in granolithic work at those houses, or for furnishing and hauling sand, and hauling bricks for the construction of those houses, is not sufficient.

3. MECHANIC'S LIEN—*Separate Contracts for Several Houses—Account Claiming Aggregate Price on All.*—Where a contract has been made which estimates or fixes the price of materials furnished and work done upon each of two or more buildings, on disconnected lots, an account which claims the aggregate price as a lien upon all of the lots is not a substantial compliance with the statute.

4. MECHANIC'S LIEN—*Hauling Sand and Bricks—What Account Must Show.*—In the absence of an entire contract, an account for furnishing and hauling sand, and hauling bricks, as a basis of a mechanic's lien, should show the amount of sand furnished and hauled, and the prices charged therefor, and the quantity or number of bricks hauled, and the prices charged therefor.

Appeal from a decree of the Chancery Court of the city of Richmond, pronounced in a suit in chancery, wherein the appellants were the complainants, and the appellees were the defendants.

*Affirmed.*

The opinion states the case.

*Jackson Guy,* for the appellants.

*Leake & Carter, Sol. Cutchins, Harvey Willson, B. O. James, F. M. Conner* and *John Dunlop,* for the appellees.

BUCHANAN, J., delivered the opinion of the court.

The bill and amended bills in this case were filed by two of the appellants to enforce mechanic's liens, which they claimed to have upon certain houses and lots in the bill and proceedings mentioned. The other appellants filed petitions in the suit asserting similar liens. Demurrers to the bills were sustained by the trial court, and the proceedings dismissed. From that decree this appeal was taken.

The claim or demand of only three of the appellants, viz.: Gilman & Son, J. C. Thompson, and A. Q. Billings, agent, amounts to as much as $500.00. As to each of the others the motion of the appellees to dismiss the appeal as improvidently awarded, because the amount involved is less than $500.00, must be sustained. There is nothing in the case to bring either of them within any of the exceptions to the general rule, that this court has appellate jurisdiction only in cases where the amount in controversy is $500.00, or over.

A number of interesting questions were discussed in the written and oral argument of counsel upon the hearing, but in the view we take of this case it is only necessary to consider one of them, and that is, whether the accounts filed in the clerk's office

of the Chancery Court, of the city of Richmond, are such as are required to be filed in order to create mechanic's liens. The accounts of the appellants, who claim more than $500.00, are as follows:

"An account showing the work done and materials furnished by James W. Gilman and John E. Gilman, partners trading under the firm name of Gilman & Son, the price charged therefor, and the balance due.

G. G. Ryan
To Gilman & Son,
1894 and 1895.　　　　　　　　　　　　　　　　Dr.

| | |
|---|---:|
| To material furnished and work done in plastering the following houses in the city of Richmond, Virginia, viz.: Five two-story houses on the south side of Floyd Ave., Nos. 1421, 1423, 1425, 1427, and 1429, and five three-story houses on the north side of said avenue, Nos. 1202, 1204, 1206, 1208, and 1210................................... | $2,576 20 |
| Cr. by..................................... | 694 00 |
| Balance due.............................. | $1,882 20" |

"An account showing the work done and material furnished by J. C. Thompson, contractor or subcontractor, the price charged therefor, and the amounts due.

Mr. G. G. Ryan
To J. C. Thompson,
1894 and 1895.　　　　　　　　　　　　　　　　Dr.

| | |
|---|---:|
| To materials furnished and work done in granolithic work at the following houses in the city of Richmond, Virginia, to-wit: Five two-story houses on the south side of Floyd Ave. or street, Nos. 1421, 1423, 1425, 1427, and 1429, and five three-story houses on the north side of said avenue or street, Nos. 1202, 1204, 1206, 1208 and 1210.... | $666 00" |

"W. H. Lumber & Son

To A. Q. Billings, Agent,　　　　　　　　　Dr.

| | |
|---|---:|
| To furnishing and hauling sand, and hauling brick for the construction and building of houses Nos. 1202, 1204, 1206, 1208, and 1210 Floyd Ave., for G. G. Ryan.............. | $650 00" |

Section 2476 of the Code and amendments thereto provide, among other things, that a general contractor, in order to obtain a lien for work done and materials furnished under the preceding section of the Code, shall file, within the time prescribed and in the clerk's office designated, "an account showing the *amount and character of the work done or materials furnished, the prices charged therefor, the payments made, if any, and the balance due.*" Section 2477 requires the same kind of an account to be filed by a sub-contractor in order that he may acquire a lien for the work done or materials furnished by him.

The filing of the account is the initial and one of the most important steps in the establishment of a mechanic's lien. A substantial compliance with this provision of the statute has always been regarded as essential to the creation of the lien, and as ncessary for the protection of owners, purchasers, and other lien creditors. *Taylor* v. *Netherwood*, 91 Va. 88; Boisot on Mechanic's Liens, secs. 37 and 440; Phillips on Mechanic's Liens, sec. 342 (3rd ed.).

By section 2478 a substantial compliance is declared to be sufficient, but nothing less than a substantial compliance will answer. It provides that "no inaccuracy in the account filed * * * * * shall invalidate the lien if   *   *   *   *   the account conform substantially to the requirements" of the statute "and is not wilfully false."

No one of the three accounts filed conforms to the provisions of the statute. In each of them there is an omission or failure to state the *amount of work done and materials furnished* and the *prices charged therefor.* This defect is not an inaccuracy in the account which the statute declares shall not invalidate the lien, but an entire failure to state in the account what the statute, for wise reasons it must be presumed, requires shall be stated.

It is insisted that, under the decision of the court in the case of *Taylor* v. *Netherwood, supra,* these accounts are sufficient. It was held in that case, in accordance with the current of authority, that where the contractor undertook to furnish the materials

and do the work as an entirety, for a specific amount, and this is so set out in the account filed, it is sufficient. But in none of these accounts does it appear that the materials furnished and the work done were contracted for as an entirety for a specific amount.

The contract of Gilman & Son, as stated in the pleadings, was to furnish the materials and put two coats of plastering on the houses described at the rate of twenty-two cents per yard.

The contract of Thompson was to furnish the materials and do the granolithic work upon the two blocks of houses. An estimate for the cost of the materials and work upon each of the blocks was made, and the amounts to be paid for the same were agreed upon, as is alleged in the first amended bill.

If the contract under which the materials are furnished and the work done upon two buildings, erected upon disconnected lots, makes no estimate of the price of the materials furnished and the work done upon each, but provides generally for furnishing material and doing work upon both, it may be, as was held in *Sergeant & wife* v. *Denby,* 87 Va. 206, that the whole sum is a lien upon both buildings, but this cannot be so where an estimate is made or the price fixed for the materials furnished and work done upon each, without disregarding both the letter and the spirit of the mechanic's lien law, sec. 2475 of the Code. That section provides for a lien upon the building or structure, and so much land therewith as may be necessary for the convenient use and enjoyment of the premises, for the work done and materials furnished for the construction, repair, or improvement of any such building or structure. The reason for this is apparent. The object of the law is to give to those who, by their labor and materials, have enhanced the value of the building or structure, the security of a lien thereon to the extent that they have added to its value, but not to give a lien therefor upon property not benefited thereby. If one account can be filed where the materials have been furnished and the work done upon two buildings erected upon disconnected lots, under a contract which esti-

mates or fixes the price for the materials to be furnished and the work to be done upon each, the account must show the estimate made or the prices fixed on each in order that all parties in interest may be able to see from the account the amount that is chargeable on each building.

The petition of Billing's agent, who was a sub-contractor, does not show that there was anything in his contract which relieved him from the necessity of filing an account which showed the amount of sand furnished and hauled by him, and the prices charged therefor, and the amount or number of brick hauled by him, and the prices charged therefor, or which tends in any way to show that his contract brought him within the ruling of *Taylor* v. *Netherwood.*

The accounts filed not being such as the law requires, the appellants did not acquire liens upon the houses and lots for the price of the materials furnished and the work done by them. The demurrers were therefore properly sustained, and the proceedings dismissed.

The decree of the Chancery Court must be affirmed.

*Affirmed.*