WITHROW LUMBER CO. v. GLASGOW INV. CO. et al.

BREED v. SAME.

(Circuit Court of Appeals, Fourth Circuit. May 2, 1900.)

No. 310.

1. MECHANIC'S LIEN—PROCEEDINGS TO PERFECT—SUFFICIENCY OF STATEMENT FILED.

Under Code Va. § 2476, which requires a general contractor, in order to be entitled to a mechanic's lien, to file with the clerk "an account showing the amount and character of the work done or materials furnished, the prices charged therefor, the payments made, if any, and the balance due," a statement merely claiming a lump sum for "labor performed and materials furnished" in the erection of certain buildings, "as per contract," is insufficient, and does not entitle the claimant to a lien, where the statement does not show that the work charged for was done as an entirety under a contract calling for the specific amount claimed.

2. SAME.

A mechanic's lien, being purely statutory, can only arise where all the requirements of the statute have been substantially complied with, and a provision requiring the filing of an itemized account of the work or materials for which the lien is claimed is a substantial one, which must be observed.

3. SAME—EFFECT OF APPOINTMENT OF RECEIVER.

The appointment of a receiver by a court for property upon which buildings are being erected under contract with the owner does not relieve the contractor from the necessity of complying with the statutory requirements in order to entitle him to a mechanic's lien thereon.

4. SAME—RIGHT TO LIEN IN EQUITY.

No lien for labor performed or materials furnished under a contract in the erection of buildings is given by the common law or in equity, and such lien can only be acquired by virtue of a statute.

Appeal from the Circuit Court of the United States for the Western District of Virginia.

See 92 Fed. 760.

William Leigh, Wingfield Liggett, and Henry C. Riley, for appellant.

John Selden and Greenlee D. Letcher, for appellees.

Before SIMONTON, Circuit Judge, and BRAWLEY and WADDILL, District Judges.

WADDILL, District Judge. This is an appeal from a decree of the circuit court of the United States for the Western district of Virginia, rendered on the 14th day of June, 1898, in the cause in equity pending in said court, wherein J. W. Breed, suing in his own behalf and that of other creditors of the Glasgow Investment Company, was complainant, and the said Glasgow Company and others were defendants. The appellant, the A. F. Withrow Lumber Company, filed its petition in said cause, setting up a mechanic's lien on two hotels, the Forest Inn and the Appledore, belonging to the defendant company, and the real controversy involved in this appeal is between the bondholders of the Glasgow Investment Company and the A. F. Withrow Lumber Company as to the validity of the said mechanic's lien. The lower court adjudged the mechanic's lien to be invalid by the decree

appealed from, and it is as to the correctness of this determination that we are to decide. The assignments of error present this question in various phases, and incidentally raise others, some of which are unnecessary to be decided and passed upon in the view we take of the case.

One of the questions presented is whether the land covered by the Forest Inn Hotel was as a matter of fact covered by the lien of the mortgage. Counsel admit that, if the mortgage covered the land on which the hotel was built, the lien of the bondholders would be ahead of the mechanic's lien as to the ground; but they insist that the grounds were excepted by a clause in the mortgage to the following effect:

"It is further to be understood that there are to be reserved from the operation of this deed all the drives, streets, and alleys on said land now laid off, or that may hereafter be indicated on any plot for the improvement of said property, and such lands as may be occupied by and used in connection with such hotel as may be built thereon, together with all approaches thereto."

The lower court held, and we think correctly, that the clause in the mortgage referred to the grounds to be covered by a new and more expensive hotel, the erection of which was in contemplation at the time of the execution of the mortgage, and had no reference to the hotel in controversy, which was being rebuilt by reason of the destruction by fire of one of the then-existing hotels. This seems to be manifest from the fair interpretation of the language of the exception, and it is quite apparent, from a consideration of all the facts and circumstances of the transaction, that the building against which the lien here is sought to be enforced was not in contemplation when the exception in the mortgage was made.

The validity of the mechanic's lien is specially assailed on the ground that the account filed as the basis of the lien is insufficient under the Virginia statute to create a lien. The account is as follows:

Millboro Depot, Va., August 25, 1892.

Glasgow Investment Company,
    To A. F. Withrow Lumber Co.,
        Contractors and Wholesale Lumber Dealers.

Terms..... To labor performed and materials furnished in the con-
From      struction of a new hotel building at Natural Bridge, Va.,
May 15th, and labor performed and material furnished in repair-
1892, to  ing and improving the building known as "Appledore
date.      Hotel," as per contract........................... $12,000 00

The Virginia statute giving the mechanic's lien, declaring how it shall be perfected, and what defects shall not avail to defeat the lien, will be found in sections 2475, 2476, and 2478 of the Code of Virginia (Edition 1887, as amended). The appellants were general contractors and lumber dealers, and as such entitled to the benefit of the lien given by the statute, if properly claimed. To be entitled to secure the lien, they were required to follow the statute in perfecting the same, and any material departure therefrom was at their peril. It was a pure statutory right, and at least a substantial compliance with the statute was essential. Code, § 2476, supra, requires a general contractor, etc., in order to perfect his lien, to file in the clerk's office of

the county court of the county in which the property whereon the lien is sought is located—

"An account showing the amount and character of the work done, or materials furnished, the prices charged therefor, the payments made, if any, and the balance due, verified by the oath of the claimant, or his agent, with a statement attached declaring his intention to claim the benefit of said lien, and giving a brief description of the property on which he claims the lien."

The terms of the statute are plain and unequivocal, so much so that no one need have doubt in knowing what to do to secure the benefits of the act. The words, "an account showing the amount and character of the work done, or materials furnished," were manifestly intended to make plain what it was the lien was claimed for; and the words following, "the prices charged therefor, the payments made, if any, and the balance due," were intended to get at the exact price charged for the particular item or items of work, and what had been paid on account thereof, together with the balance remaining due. This statute seems so plain, and its purpose so manifest, that we should, without the aid of authority bearing thereon, find but little difficulty in arriving at a conclusion as to its meaning; but, when considered in the light of the decisions of the supreme court of appeals of Virginia, the highest court of the state, we are doubly convinced as to the correctness of our views.

In Shackleford v. Beck, 80 Va. 573–577, Fauntleroy, J., speaking for the court, said:

"The language of the statute is clear, simple, and unambiguous, and whatever may have been the reason for requiring the contractor to file his account for recordation, it has prescribed in express, plain, and unmistakable language, the way—and the only way—in which the purpose it had in view can be effected. There was no such lien as that provided for by this statute known to the common law or to the courts of equity. It is purely a creation of the statute, and it must be availed of, if at all, upon the terms and conditions which the statute prescribes. The appellant, in his petition for a supersedeas, says: 'The statute requires a "true" account,—not an "itemized" account; and an account may be true, though it be not itemized.' It is difficult to conceive how, without items, there can be an account, which is an itemized or detailed statement of the transactions to which it relates. But the difficulty in this case is not alone that it is not an itemized account, but that it is not an account of the things required by the statute,—of work done and material furnished."

In the recent case of Gilman v. Ryan, 95 Va. 494, 28 S. E. 875, the decision, as in Shackleford v. Beck, supra, turned solely upon the sufficiency of the account. Three separate accounts were involved, each quite as full and comprehensive as the one filed in this case. Indeed, there is a striking similarity between the accounts. In that case Gilman & Son's account read, "To materials furnished and work done in plastering the following houses," etc.; Thompson's account read, "To materials furnished and work done on granolithic work at the following houses," etc.; and Billings' account was, "To furnishing and hauling sand and hauling brick for the construction and building of houses Nos.," etc. In this case the account reads, "To labor performed and materials furnished in the construction of a new hotel at * * *, and labor performed and materials furnished in repairing and improving the building known as the 'Appledore Hotel,' as per contract."

101 F.—55

Judge Buchanan, speaking for the supreme court in the Gilman-Ryan Case (page 497, 95 Va., and page 876, 28 S. E.), said:

"No one of the three accounts filed conforms to the provisions of the statute. In each of them there is an omission or failure to state the amount of work done and materials furnished and the prices charged therefor. This defect is not an inaccuracy in the account, which the statute declares shall not invalidate the lien, but an entire failure to state in the account what the statute, for wise reasons it must be presumed, requires shall be stated."

And at page 499, 95 Va., and page 877, 28 S. E., the learned judge further said:

"The petition of Billings' agent, who was a subcontractor, does not show that there was anything in his contract which relieved him from the necessity of filing an account which showed the amount of sand furnished and hauled by him, and the prices charged therefor, or which tends in any way to show that his contract brought him within the ruling of Taylor v. Netherwood, 91 Va. 88, 20 S. E. 888. The accounts filed not being such as the law requires, the appellants did not acquire liens upon the houses and lots for the price of the materials furnished and the work done by them. The demurrers were therefore properly sustained, and the proceedings dismissed."

The appellant insists that the account here is sufficient, and relies in support of its position upon the case of Taylor v. Netherwood, supra. This was precisely the contention made in the case of Gilman v. Ryan, supra, and in considering that question, referring to the Taylor-Netherwood Case, Judge Buchanan said:

"It was held in that case, in accordance with the current of authority, that where the contractor undertook to furnish materials and do the work as an entirety for a specific amount, and this is so set out in the account filed, it is sufficient. But in none of these accounts does it appear that the materials furnished and the work done were contracted for as an entirety for a specific amount."

The same condition exists as to this account. It cannot be seriously contended that the face of the account shows that the work charged for was done as an entirety under a contract for a specific amount. Indeed, had the account been so made out, it would not have been true as a matter of fact. The contract in this case was to do certain specific work at the fixed price of $17,945.42, to be paid for as follows: $5,981.80 when the house is all inclosed, $5,981.80 when the house is all lathed, and $5,981.82 when the building is completed and the work accepted,—payments of each installment to be made upon the certificate of the architects in charge of the work that the work was done in strict accordance with the drawings and specifications, and that they considered the payment properly due. It is needless to say that a charge of a lump sum of $12,000 for work done on account of this contract of $17,945.42, without items showing either the amount and character of the work done, or of the materials furnished, or the prices charged, or what payments, if any, had been made on account of the work done, and the balance due on account thereof, is a compliance with neither the letter nor spirit of the act giving the lien. Every reason for properly itemizing an account generally exists in a case where the lien is claimed, not for the specific work contracted for at the price named, but for a part of the work done on account of and under such contract. The necessity for a substantial compliance

with the statute creating the lien is everywhere maintained, as it is purely a creation of the statute, and can only be availed of in the manner and upon the conditions specified in the act giving the lien, and the reason for requiring a particularization of the account is manifest, as it affects the rights of innocent persons, and the imposition upon the claimant of the lien is reasonable, as it makes him furnish information peculiarly within his own possession. Phil. Mech. Liens (3d Ed.) § 342; Boisot, Mech. Liens, §§ 37, 440; Trustees v. Davis, 85 Va. 193, 194, 7 S. E. 245; Gilman v. Ryan, 95 Va. 497, 28 S. E. 875; Davis v. Alvard, 94 U. S. 545, 547, 549, 24 L. Ed. 283.

This court, in the case of Liberty Perpetual Building & Loan Co. v. M. A. Furbush & Son Mach. Co., 26 C. C. A. 38, 80 Fed. 631, had under consideration the question of the sufficiency of the memorandum filed in the clerk's office seeking to claim a labor lien under sections 2485, 2486, of the same chapter of the Code of Virginia, and in that case a strict compliance with the terms of the statute was held necessary. Judge Goff, in speaking for the court, said:

"A party desiring to comply with the requirements of the sections of the Virginia Code that we have been considering can easily do it, as the information called for is peculiarly within the knowledge of him who is seeking thereby to create a lien on the property of another, and, if he fails to do so, it is likely for the reason that the full statement of the facts would injure his claim, or because of either ignorance or inadvertence, neither of which will be received as an excuse, especially in cases where the rights of others are affected. The suggestion that the record, as it was made in the clerk's office, was sufficient to put any one who examined it on his guard, and that it was such notice as would induce a prudent business man to make full inquiry, is, we think, without force. No one is required to go outside of the clerk's office for the information he is told by the law he can find therein, nor expected to control his conduct by the conflicting statements made by the parties to the record; the one assenting and the other denying, as their respective interests may suggest. The only question in such cases is, has the party claiming the lien observed the commands of the law, and been obedient to its requirements?"

The assignments of error present two other questions necessary for the determination of the court: First, that the appointment by the court of a receiver of the property of the Glasgow Investment Company, with whom appellant contracted to build one and improve the other of the two hotels in question, during the pendency of the work, made it unnecessary to file a mechanic's lien in order to secure the benefits of the statute; and, secondly, that appellant was entitled to an equitable lien on the buildings in question for the labor performed by it, and the materials furnished in the construction of the work, and, therefore, need not have availed itself of the statutory lien.

We are not furnished with any adjudicated case or referred to any text writer favoring the first contention, and do not believe that it can be supported by either reason or authority. The appointment of a receiver does not alter or affect the rights of parties to property, or give to or take from them any liens they have acquired or are entitled to. High, Rec. § 5; Ellis v. Railroad Co., 107 Mass. 1; Beverley v. Brooke, 4 Grat. 187; Kneeland v. Trust Co., 136 U. S. 89–97, 10 Sup. Ct. 950, 34 L. Ed. 379; Chicago Union Bank v. Kansas City Bank, 136 U. S. 223–236, 10 Sup. Ct. 1013, 34 L. Ed. 341; Scott v. Armstrong, 146 U. S. 499, 13 Sup. Ct. 148, 36 L. Ed. 1059.

Authority to support the contention for an equitable lien is equally lacking. The contract to do the work and furnish the materials created within itself no lien (Phil. Mech. Liens [2d Ed.] § 223), and the only authority found for the lien is contained in the sections of the Code of Virginia supra; and, in order to entitle one to the lien at all, the same must be perfected according to the statute. Shackleford v. Beck, 80 Va. 577; Canal Co. v. Gordon, 6 Wall. 561, 571, 18 L. Ed. 894. Mr. Justice Swayne at page 571, 6 Wall., and page 896, 18 L. Ed., said:

"Liens of this kind were unknown to the common-law and equity jurisdiction both of England and of this country. They were clearly defined and regulated in the civil law. Dom. Civil Law, §§ 1742, 1744. Where they exist in this country, they are the creatures of local legislation. They are governed in everything by the statutes under which they arise."

In Van Stone v. Manufacturing Co., 142 U. S. 128–136, 12 Sup. Ct. 181, 35 L. Ed. 961, the supreme court, speaking through Mr. Justice Lamar (page 136, 142 U. S., page 183, 12 Sup. Ct., and page 964, 35 L. Ed.), said:

"This lien is a creature of the statute, and was not recognized at common law."

Continuing, the court says:

"It may be defined to be a claim created by law for the purpose of insuring a priority of payment of the price and value of the work performed and materials furnished in erecting or repairing a building or other structure, and as such it attaches to the land as well as the buildings erected thereon. 15 Am. & Eng. Enc. Law, 5. Now it is not the contract for erecting or repairing the building which creates the lien, but it is the use of the materials furnished and the work and labor expended by the contractor, whereby the building becomes a part of the freehold, that gives the material man or laborer his lien under the statute. The lien is brought into operation by virtue of the statute, and the contract for building is entered into presumably in view of or with reference to the statute."

Reference is made in support of the latter contention by appellant to the case of Bank v. Dashiell, 25 Grat. 616. A careful analysis of that decision will reveal nothing inconsistent with the views herein expressed. It was decided upon the then-existing statute, and, we think, has no practical bearing upon the vital question at issue here. In a subsequent case in the supreme court of appeals of Virginia (Boston v. Railroad Co., 76 Va. 180, 186), the question of the existence of an equitable lien was raised, but not passed upon, and it is worthy of mention that the case of Bank v. Dashiell, supra, though fresh in the memory of the court, was neither relied upon nor referred to as maintaining the doctrine here claimed for it.

The other questions raised by counsel for the appellant have been examined and considered, but we have not thought it necessary to comment on others than those above reviewed. Upon the whole case we are of the opinion that the decree of the lower court must be affirmed.