## CIRCUIT COURT OF CLARKE COUNTY

Feltner

v.

Jung

August 27, 1985

Case No. (Chancery) 2488

By JUDGE ROBERT K. WOLTZ

At issue is the validity of a mechanic's lien filed by the complainant general contractor (Feltner) against properties owned by the primary defendants (Jung) under the provision of Sections 43-3 and 43-4, et seq.

September 16, 1983, Feltner filed a memorandum for mechanic's lien for labor and materials in the construction of an indoor horse arena with bleacher accommodations and for construction of stalls in an existing barn and corn crib, claiming $55,388.80 was due therefor. The memorandum further disclosed that the arena was on the Locksley tract containing approximately 340 acres on Locksley Farm and that the stalls for the existing barn and corn crib related to the Glen Owen tract containing approximately 115 acres of Locksley Farm. These two tracts were conveyed to the owners in the same deed but as two separate parcels separately described. Inferentially the two parcels are contiguous.

In March, 1983, Feltner contracted with Jung to build the arena on the Locksley tract and commenced work on it. Before its completion, by separate contract in June Feltner contracted with Jung to build the horse stalls on the Glen Owen tract. Later, but timely, Feltner filed the above memorandum of lien.

Subsequently, but also timely, Feltner filed a bill to enforce mechanic's lien against the owners, joining three deed of trust holders. At least two of these deeds

of trust were liens against both tracts; this is unclear as to the third. The bill was to enforce mechanic's lien against the Locksley tract only, in the amount of $52,401.75 for work done in constructing the arena. Thereafter on objection of Jung the mechanic's lien on the Glen Owen tract was, without objection of Feltner, ordered to be released. It appears from Feltner's pleadings that before filing his bill to enforce he credited a sufficient portion of a payment from Jung to discharge the Glen Owen construction claim in full. Jung also filed a motion to declare the mechanic's lien invalid and for release of the Locksley tract from it because the memorandum of lien was not based solely on the contract for the construction on the Locksley parcel, sought a single lien on two separate parcels for work on each stemming from separate contracts, and, without effort at apportioning the two claims between the two parcels, sought to burden both parcels with the total of the claims emanating from the separate contracts, thereby setting up the issue.

A mechanic's lien is a creature of statute. *Sergeant v. Denby*, 87 Va. 206 (1890). Not only is the lien dependent on statute but the jurisdiction of the court as well "and not upon equitable or ethical rules." *Feuchtenberger v. Williamson*, 137 Va. 578 (1923). While the statutory provisions as to enforcement of mechanic's liens are liberally construed, "[t]here must be a substantial compliance with the requirements of that portion of the statute which relates to the creation of the lien. . ." *Francis & Co. v. Hotel Rueger*, 125 Va. 106 (1919); *Bristol Iron and Steel Co. v. Thomas*, 93 Va. 396, 400 (1896), says "strict compliance" with statute in order to perfect the lien. Furthermore, "[t]he object of the law is to give to those who by their labor and materials, have enhanced the value of the building or structure, the security of a lien thereon to the extent they have added to its value, but not to give a lien therefor upon property not benefited thereby." *Gilman v. Ryan*, 95 Va. 494 (1898). The beneficent object is similarly set out in *Bristol Iron and Steel Co. v. Thomas*, *supra*. Finally, though a mechanic's lien is the creature of statute, "[i]t must have its foundation in contract." *Sergeant*, *supra*.

While the object of the mechanic's lien statute is entirely just, the statute affords an extraordinary procedure whereby without the consent or prior knowledge

of or prior notice to the property owner and others, if any, having an interest in the property and without prior judicial determination of their rights a lien may be placed upon the property, vitally affecting those rights. This is sufficient basis for the principle noted above that the statute as it relates to the creation of a mechanic's lien must be substantially or even strictly complied with.

Where a mechanic's lien is filed, the claim made in it in relation to the number of contracts and number of parcels of land involved can give rise to at least four readily apparent situations: first, a single contract for construction on a single parcel; second, separate contracts for construction on a single parcel; third, a single contract for construction on multiple parcels; and fourth, separate contracts for construction on multiple parcels. The first two situations are unrelated to the problem in the present case and can be disregarded. The development of the law on the latter two is related to the issue here.

The third situation is exemplified by *Sergeant v. Denby, supra,* where there was a single contract to construct for one entire price two houses on two separate lots. A joint or blanket mechanic's lien was filed against both parcels, the Court noting that the lien must be founded in contract and correspond to the contract. The contract being one and relating to both parcels as an entirety, as between the lienor and the owner the blanket lien was held to be good as it was in effect for one piece of work though distributed over two parcels. *Weaver v. Harland Corp.,* 176 Va. 224 (1940), sets forth the same rule but found the single mechanic's lien invalid where the rights of third parties were involved and there was no specific amount of claim assigned to specific individual parcels. *See also Wallace v. Brumback,* 177 Va. 36 (1941), where under one contract for construction multiple liens had been filed on individual lots and holding that the liens had not been perfected in accordance with statute as some of the lots had been sold. In similar vein as to blanket liens are *PIC Co. v. First Union Bank,* 218 Va. 915 (1978), and *United Virginia Mortgage Corp. v. Haines Paving Co.,* 221 Va. 1047 (1981).

Closer to the case at bar is *Gilman v. Ryan, supra,* where the statute as then written required an account

of the work or materials, the prices therefor, the payments made and the balance due to be filed in order to establish a mechanic's lien. Though each of the three mechanic lienors had a single contract as to building different houses on different parcels, because of different estimates as to different houses none of the contracts was for an entire or blanket price for all the work or materials to be supplied. The accounts the lienors filed named all the houses involved but lumped them all together as to contract price and balance due for the work or materials. While expressly acknowledging the rule in *Sergeant* as to the validity of a mechanic's lien on different parcels where the contract provided one entire price for the whole work to be done, these accounts were held not to be in compliance with the statute and the liens invalid, the case stating:

> If one account can be filed where the materials have been furnished and the work done upon two buildings erected on disconnected lots, under a contract which estimates or fixes the price for the materials to be furnished and the work to be done upon each, the account must show the estimate or the prices fixed on each in order that all parties in interest may be able to see from the account the amount that is chargeable on each building.

*United Masonry v. Jefferson Mews*, 218 Va. 360 (1977), involved a single mechanic's lien filed against the property of an entire condominium project. Though certain special rules apply to mechanic's liens on condominiums, Section 43-3, in that case the lienor had two separate contracts for his work performed on the project. One contract was for masonry work on the condominium buildings themselves, some of which actually had been built and some of which remained to be built. The subsequent second contract was for masonry work on a club house, which was a "common element" as to which all condominium unit owners had rights and which was built on an adjoining but separately described lot of land. Unlike the case at bar the rights of various persons were involved, including the developer, condominium unit owners, the owners' council and various lien-holders. United Masonry filed its mechanic's lien

for one lump sum without differentiation as to the amounts claimed to be due under the separate contracts and without apportionment of the amounts claimed due among the condominium units, condominium common elements or otherwise.

In that case the Court found as a fact that there were two contracts and that the lienor sought to encumber the entire property in one lien for all work and materials supplied under both contracts. In finding the lien void the opinion states:

> Accordingly, we hold that under these circumstances, where work has been done and materials furnished under two separate and distinct contracts which added disproportionate values to the property liened, a memorandum which fails to apportion the amounts due between the several properties benefited is defective and the lien void. Under these facts, two separate liens should have been recorded—one against the first 132 units and their appurtenant common elements for $34,846.00 and the second against the entire project for $10,086.00 [the balance claimed due under the club house contract inuring to the benefit of the entire project, both the units built and those proposed to be built].

In the present case there were two distinct contracts for making improvements on two different tracts of land but only one mechanic's lien filed for the total amount claimed due under both contracts and without any apportionment or division of the total to the respective parcels. Under such circumstances, even where only the contractor and the owner are involved, Blackacre should not be lienable for claims relating to Whiteacre and vice versa. Section 43-3 gives a lien "upon such building or structure, and so much land therewith as shall be necessary for the convenient use and enjoyment thereof." Where no work has been done on Blackacre, obviously it should not bear the burden for work done upon Whiteacre. By like reasoning, in the absence of a single unitary contract with an indivisible unitary price, even where work has been done on Blackacre under separate contract it should not bear the burden for work done under another contract on Whiteacre. The object of the law is to give a lien to one

who has "enhanced the value" of property to the extent of that enhancement, "but not to give a lien therefor upon property not benefited thereby." *Gilman v. Ryan, supra* at 498.

For these reasons the mechanic's lien upon which the bill for enforcement is based is invalid.