## CIRCUIT COURT OF CLARKE COUNTY

Emil-Bernhard Jung et al.

v.

Valley Redi-Mix Co., Inc.

February 21, 1989

Case No. (Chancery) 2818

By JUDGE ROBERT K. WOLTZ

This proceeding is on a petition under the provisions of Code § 43-17.1 to determine the validity of a perfected mechanic's lien of a subcontractor on the petitioners' property. No question arises as to the timeliness of recording or notices of the lien. Decision is made on the basis of the testimony of an officer of the respondent, the exhibits introduced, and the representations of counsel. Petitioners' claim is that the mechanic's lien, by virtue of the brief description of the property involved, "overencumbered" by including within the compass of the lien too great an extent of property. The court agrees, and for this reason, the lien is declared to be invalid.

Locksley Farm was a large tract of several hundred acres located near the settlement of Millwood in Clarke County and owned by the Locksley Trust. At a time prior to any of the activities giving rise to the respondent's claim to a mechanic's lien, the trust recorded a subdivision plat, subdividing the Locksley tract into seven numbered lots and an unnumbered tract containing 55.23 acres. Lot 4 which included the mansion house and one hundred acres was conveyed off by the trust to one Wharton.

Subsequently, the general contractor for whom the respondent was a supplier and installer of concrete commenced construction of a dwelling house. The respondent furnished concrete and its installation to a claimed

amount of $4,285.35. This dwelling was being built for the petitioners on Lot 6 of the Locksley subdivision which at the time of recordation, respondent's mechanic's lien May 27, 1988, remained titled in the name of the Locksley trustee. By deed of May 31, recorded June 1, 1988, the trustee conveyed Lots 1 through 3 and Lots 5 through 7 and the unnumbered tract of 53.23 acres to the petitioners, husband and wife, as "tenants by the entirety, in complete liquidation of the trust." As the mechanic's lien would purportedly be valid as of the time of its recordation against the record owner, the subsequent conveyance to the petitioners is only an incidental matter.

The memorandum required under § 43-7 for a mechanic's lien must be substantially in the form set out in § 43-8. In compliance with the form, the name of the owner of the property liened is stated as Emil-Bernhard and Nicole Jung, petitioners in this case. No question is raised by the parties in that regard, even though the Locksley trustee was still record owner at the time of memorandum recordation. Item 4 of the form, "Brief Description and Location of Real Property" is given as "Locksley, Millwood, Virginia, County of Clarke."

In my view, the memorandum thus filed sought to be effective against all the property formally known as Locksley with the exception of Lot 4, being one hundred acres and mansion house which had been previously conveyed off by the Locksley trustee. As noted above, the remaining property consisted of six numbered lots and one unnumbered tract. On the face of the memorandum itself, no distinction is made as to these parcels and therefore all are subject to the respondent's lien. Nevertheless, the value added by the respondent through his materials and services related only to Lot 6 and not to the remaining lots of the subdivision.

As stated by this court in *Feltner v. Jung*,[1] Circuit Court of Clarke County, Chancery No. 2488 (August 27, 1985):

> A mechanic's lien is a creature of statute. *Sergeant v. Denby*, 87 Va. 206 (1890). Not only

[1] 8 Va. Cir. 137 (1985). [Reporter's note].

is the lien dependent on statute but the jurisdiction of the court as well "and not upon equitable or ethical rules." *Feuchtenberger v. Williamson*, 137 Va. 578 (1923). While the statutory provisions as to enforcement of mechanic's liens are liberally construed, "[T]here must be a substantial compliance with the requirement of that portion of the statute which relates to the creation of the lien . . ." *Francis & Co. v. Hotel Rueger*, 125 Va. 106 (1919); *Bristol Iron and Steel Co. v. Thomas*, 93 Va. 396, 400 (1896), says "strict compliance" with statute in order to perfect the lien. Furthermore, "The object of the law is to give to those who by their labor and materials have enhanced the value of the building or structure, the security of a lien thereon to the extent they have added to its value, but not to give a lien therefor upon property not benefited thereby." *Gilman v. Ryan*, 95 Va. 494 (1898). The beneficent object is similarly set out in *Bristol Iron and Steel Co. v. Thomas, supra.*

Section 43-15 contains a provision which has existed at least since the Code of 1887: "No inaccuracy in . . . the description of the property to be covered by the lien shall invalidate the lien, if the property can be reasonably identified by the description given . . ." The description given in the memorandum does not reasonably identify Lot 6 as the property whose value was enhanced by the efforts of the respondent subcontractor. Assuming a title searcher would know what was being referred to by "Locksley," he would have to reach the conclusion that the entire property known as Locksley, except that portion off conveyed as Lot 4, was subject to the lien. This does not comport with the statutory intent expressed in § 43-3 that the lienor "shall have a lien . . . upon such building or structure, *and so much land therewith as shall be necessary for the convenient use and enjoyment thereof . . .*" (Emphasis added).

The respondent not unreasonably asks what else he could have done to find more specifically the land to which his lien was to apply. The answer is by an adequate

search of the land records, whereby the Locksley subdivision would have been disclosed and by inquiry and information *in pais* as would have revealed that his material and services had contributed to the enhancement of Lot 6 of that subdivision. This case, simply put, is that the respondent subcontractor by the description in his memorandum of lien has too extensively expanded the burden of his lien to lands that should not be encompassed within it. For other cases involving different factual situations where mechanic's liens have been held invalid due to the element of over extension, *see Gilman v. Ryan*, 95 Va. 498 (1898); *Wallace v Brumback*, 177 Va. 36 (1941); *United Masonry v. Jefferson Mews*, 218 Va. 360 (1977); *PIC Co. v. First Union Bank*, 218 Va. 915 (1978); and *United Virginia Mortgage Corp. v. Haynes Paving Co.*, 221 Va. 1047 (1981).

In describing property in his memorandum, the lienor, in carving out that which is to be subject to his lien, rather than using the shattering force of the Crusader knight's broadsword, should employ the more delicate precision of Sultan Saladin's scimitar.