## CIRCUIT COURT OF LOUDOUN COUNTY

Shirley J. Harris,
t/a S. J. Harris Hauling & Co.

v.

CMANE Beaumeade
Limited Partnership et al.

July 29, 1991

Case No. (Chancery) 12564

By JUDGE JAMES H. CHAMBLIN

On July 11, 1991, the Court heard oral argument on the exceptions of all parties to the Report of Elijah B. White, Commissioner in Chancery (the "Report"), filed February 20, 1991. The exceptions of Maryland National Bank (successor by merger to Equitable Bank, N.A.) and Peter J. Rousselot, Trustee, and the exceptions of the complainant, Shirley J. Harris, t/a S. J. Harris Hauling & Co. ("Harris") were sustained for the reasons stated from the bench. The exceptions of CMANE Beaumeade Limited Partnership ("CMANE"), Hartford Casualty Insurance Company ("Hartford") and David E. Harvey Builders, Inc. d/b/a Harvey-Cleary Engineers & Builders ("Harvey-Cleary") (the "Exceptions") were taken under advisement.

For the reasons hereinafter set forth, the Exceptions are sustained in part and overruled in part. The effect of these rulings is that Harris cannot enforce the mechanic's lien he claims, and accordingly, the suit to enforce the mechanic's lien is dismissed.

The Report should be sustained unless the Commissioner's findings are not supported by the evidence or the Report is plainly wrong. *See Hill v. Hill,* 227 Va. 569 (1984); *Dodge v. Dodge,* 2 Va. App. 238 (1986). But this Rule is not applicable to conclusions of law contained in the Report. *See Jamison v. Jamison,* 3 Va. App. 644 (1987).

The Exceptions are set forth in 19 separate paragraphs, but they may be categorized in four general areas, as follows:

1. The Commissioner erred in finding that Harris supplied services (trucks and drivers hauling dirt) for an "excavation" and/or a "drainage structure" which would have allowed him to assert a mechanic's lien under Sections 43-2 and 43-3.

2. The Commissioner erred in finding that Harris's labor added any value to the subject real estate so as to give him priority under § 43-21.

3. The Commissioner erred in finding that the "guarantee" of payment by Harvey-Cleary to other sub-contractors of Sun Coast Construction Company, Inc. ("Sun Coast") "should not be deducted from the funds held by Harvey-Cleary on its contract with Sun Coast, before consideration of Harris's claim under his mechanic's lien."

4. The Commissioner erred in finding that the Bill of Complaint substantially complies with the "itemized statement of his account" requirements of § 43-22.

The Commissioner did err as to 1 and 2 but not as to 3 and 4.

*Excavation/Drainage Structure Issue*

The amended memorandum of mechanic's lien recorded by Harris on January 5, 1990, sets forth as follows:

1. Type of materials or services furnished:

> Labor and materials, including drivers and trucks to haul in and deliver dirt.

2. Type of structure on which work done and materials furnished:

Excavation for commercial buildings.

Harris cannot assert a claim any greater than that set forth in his lien memorandum. "Drainage structure" is not mentioned therein; therefore, it cannot form the basis of any claim by Harris of a mechanic's lien. The exception to that part of the Report which found that Harris could assert a mechanic's lien on this basis is sustained.

A mechanic's lien must have its foundation in a contract with which it must correspond. *Rosser v. Cole*, 237 Va. 572, 576 (1989); *Sergeant v. Denby*, 87 Va. 206, 208 (1890). Harris's contract with Sun Coast was for the hauling of dirt to the subject site for which Sun Coast had contracted with Harvey-Cleary to perform the following:

Furnish all sediment control and earthwork operations required to bring the site to its required subgrade within +/- .1' (one-tenth of a foot) per plans, specifications and all Loudoun County requirements.

Page 1 of Subcontract dated October 26, 1989. (Complainant's Exhibit No. 13, the "Subcontract").

Even though the Subcontract does not use the term "excavation," the failure to use such term will not defeat a mechanic's lien based on "excavation" if, in fact, the work performed thereunder is "excavation" as used in Section 43-2.

I have no doubt that "excavation" is defined in the New Century Dictionary as set forth in paragraph 27 of the Report, but in order to ascertain the intent of the legislature in using the term "excavation" in § 43-2, I feel that you must consider the whole statute in which it is used. One should not pick the word out of context and apply a dictionary definition to it. It is significant that the legislature chose to deem "excavation" as a structure permanently annexed to the freehold while it chose to deem "grading, clearing or earth moving" to be materials furnished for the improvement of such structure. Clearly, the legislature deems "excavation" to be different from

"grading, clearing or earth moving." A mechanic's lien can only be asserted for grading, clearing or earth moving if they are furnished for the improvement of the structure, i.e., the excavation. The use of the term "improvement" implies that grading, clearing or earth moving alone will not constitute excavation.

The word "excavation" is derived from the Latin word *excavare* which means "to hollow out." As used in § 43-2, I feel that "excavation" means a digging or a hollowing; i.e., leaving a hole or cavity after removing dirt or other matter, such as digging a foundation or footers.

There was no evidence presented of any such digging or that a hole or cavity was created. At most, the evidence showed that the topsoil was stripped off and moved around, that soil was brought in (all or in part by Harris) and that the grade of the site was changed as a result. At most, the evidence supports a finding of grading, clearing or earth moving but without their being a part of any excavation. Therefore, Harris is precluded from asserting a mechanic's lien, and all exceptions to the Commissioner's finding that Harris is entitled to a mechanic's lien because the work constituted excavation are sustained.

### Added Value Issue

Even if Harris were entitled to enforce a mechanic's lien, he could only do so if his work added value to the subject real estate. The only basis for which the Commissioner could have found that the work "added value to the land in an amount of at least $47,025.00," was the testimony of Michael A. Richardson. *See* paragraph 32 of the Report. The Commissioner allowed Richardson to express his expert opinion that the "overall work" added value to the property "certainly by the amount of this subcontract." Transcript page 82. Richardson is in the construction business, especially commercial, industrial, heavy highway and site work. He is certainly familiar with construction requirements and the value of construction work. But nothing was offered to show that he was an expert in the area of land values. He is not a land appraiser. He never even saw the land before the work was done.

While Richardson may have been competent to express an opinion that the work added value because he could

opine that the work done complied with applicable legal requirements, he did not have the qualifications to *quantify* the increase in value as a result of the work. Richardson was not qualified to render an opinion on the *amount* of the added value; hence, the Commissioner erred in admitting his opinion in evidence. The exception to the Commissioner's evidentiary ruling is sustained.

Harris's alleged lien was bonded off under § 43-71 before this suit was filed. Therefore, the bond is subject to the Court's determination of the validity of the lien and "the amount for which the same would have been enforceable against the real estate . . . ." While § 43-21, concerning the priorities of mechanic's and other liens, speaks in terms of "the residue of the proceeds of sale" over land value (which cannot occur when the lien is bonded off because there is no sale), § 43-71 requires the mechanic's lienor to prove "the amount for which the same would have been enforceable against the real estate." Because Harris did not offer competent evidence of such amount, the lien cannot be enforced out of the bond. All exceptions to the Commissioner's finding of added value are sustained.

### The "Guarantee" and "Itemized Statement" Issues

The Commissioner is correct in his decisions on these two issues for the reasons stated in the Report. Exceptions to such decisions are overruled. However, it makes no difference because Harris is not entitled to the relief he seeks for the reasons stated as to 1 and 2 above.

### Decree

Let Mr. Hoffman prepare a decree herein as to the rulings on all of the defendants' exceptions to the Report, and a decree releasing the bond in the earlier proceeding to bond off the mechanic's lien, to which any counsel may note his exception.