## CIRCUIT COURT OF LOUDOUN COUNTY

Poretsky Building Group, Inc.

v.

Simmons Equipment Corp.

January 21, 1992

Case No. (Chancery) 13970

BY JUDGE JAMES H. CHAMBLIN

This cause is before the Court on the Petition of Poretsky Building Group, Inc. ("Poretsky") pursuant to Section 43–17.1 to determine the validity of a mechanic's lien claimed by Simmons Equipment Corporation ("Simmons"). After the hearing on December 19, 1991, the matter was taken under advisement, and I have considered all the subsequent memoranda filed by counsel.

For the reasons hereinafter set forth, the Petition is dismissed. I am of the opinion that the lien is valid. Further, Simmons' objection to the Court's considering Poretsky's memorandum as being filed too late is moot in light of the ruling herein.

The facts are undisputed. On September 24, 1991, Simmons recorded a Memorandum of Mechanic's Lien claimed by General Contractor, reciting, in part, the following:

NAME OF OWNER: Poretsky Building Group, Inc.
TYPE OF MATERIALS OR SERVICES FURNISHED: Clearing, grading, dirt balance, blasting, excavation and grading of house pads and streets for thirty-four (34) townhouses in seven (7) buildings.
TYPE OF STRUCTURE ON WHICH WORK DONE OR MATERIALS FURNISHED:
Thirty-four (34) townhouses in seven (7) buildings.
BRIEF DESCRIPTION AND LOCATION OF PROPERTY:
All of Section 9, TAVISTOCK FARMS, Leesburg, Loudoun County, Virginia.

The work was done by Simmons pursuant to a contract between it and Poretsky dated October 4, 1989, which describes the work to be performed by Simmons as:

> All clearing, grading, dirt balance, blasting, excavation and grading of house pads and streets per plan as approved by Loudoun County for 34 townhouses in seven (7) buildings.

The contract does not allocate the contract price as to each individual house pad or the streets.

Poretsky's petition alleges that the lien is invalid because (1) Simmons did not comply with the requirements of § 43-3(b) and (2) it did not allocate in the memorandum between the lien rights for work on the street and work on the lots.

Poretsky relies on *Rosser v. Cole*, 237 Va. 572 (1989). Its reliance is misplaced. *Rosser* involved a general contractor who built roads in a multi-lot subdivision and sought to claim a lien on all but nine of 77 lots in the subdivision under § 43-3(a). The road builder performed no work beyond the confines of the streets on which he worked. His lien was declared invalid because the road builder's memorandum failed to correspond to his contract, failed to describe the land and improvements on which his lien rights existed, and purported to cover property to which his lien did not extend (i.e., it was "extraterritorial"). 237 Va. at 578.

Here Simmons' memorandum corresponds to its contract. It is not attempting to assert a lien on property on which it did not perform work. There has been no showing that the 34 townhouses do not constitute all of Section 9, Tavistock Farms. Simmons is not claiming a lien on the lots because of its work on the streets but is claiming a lien on the lots for work done pursuant to the contract on the lots. A similar claim is made for a lien on the streets work for the work done on the streets. Simmons' lien does not constitute the dangerous extraterritorial lien *Rosser* seeks to prevent.

I do not feel that compliance with § 43-3(b) is an absolute prerequisite to the assertion of a mechanic's lien in every case where the lienor has provided labor or materials for the installation of a street. The last sentence of § 43-3(b) recognizes this by providing that nothing in § 43-3(b) shall be construed to prevent the filing of a mechanic's lien under § 43-3(a).

The contract in this case is a single contract for work on streets and lots in the whole of a section of a subdivision without an allocation of the contract price among the various streets and lots. It is a contest between the owners of the property on which the lien is claimed and a general contractor. The interests of third parties are not involved. This is a joint or blanket lien which is valid under *Sergeant v. Denby*, 87 Va. 206 (1890), and its progeny. *See* Justice Compton's dissent in *Rosser*, 237 Va. at 578.

The mechanic's lien perfected by Simmons is valid, and the petition is dismissed.