## CIRCUIT COURT OF FAIRFAX COUNTY

Floors, Inc., of Maryland,
t/a Floors, Inc.

v.

Robert Luckett & Associates, Inc., et al.

July 13, 1993

Case No. (Chancery) 123638

BY JUDGE F. BRUCE BACH

This case is before the Court on Andrew Christian, t/a Armak Company's Motion for Entry of Order Establishing Mechanic's Lien Claim and Washington Federal Savings Bank's Exception to the Commissioner's Report. After oral argument the Court took the matter under advisement.

Washington Federal asserts that in determining the timeliness of the filing of Armak's memorandum of mechanic's lien, each lot in the Kelsey Court/Ashlawn Ridge development is a separate property, and that the requirements of Code § 43–4 must be met for each lot. Code § 43–4 provides for the perfection of mechanic's liens if filed:

> not later than ninety days from the last day of the month in which he last performs labor or furnishes material, and in no event later than ninety days from the time such building, structure, or railroad is completed, or the work thereon otherwise terminated.

Washington Federal argues that a separate contract existed for each lot and that each lot should be considered independently in determining whether the ninety day perfection requirements of Code § 43–4 were met.

A mechanic's lien must have its foundation in contract. Hence it must correspond to the contract. *Sergant v. Denby*, 87 Va. 206 (1890).

If a contract is "running and open, forming one continuous course of dealing," a lien may be perfected if filed within ninety days of the last work done on the contract. *Bank v. Trigg Co.*, 106 Va. 327 (1907). *Trigg* further states:

> If the materials were furnished under a single contract, and were in fulfillment thereof, the items of the account would be continuous, and the materialman would have ninety days from the date of the last item within which to file his account and perfect his lien . . . . On the other hand, if the several items of the account, or a portion of them, are furnished under separate contracts, then the lien should have been filed ninety days from the date of the last item under each independent contract.

It is necessary to look at the particulars of the two contracts to determine if they were independent contracts for each lot that deserve separate treatment with respect to Code § 43–4.

The drywall contract provides in Section 1 that Armak shall perform all drywall work at Kelsey Court/Ashlawn Ridge. Section 4(g) further provides that the continued performance of the contract is predicated on the completion of all units in the project, and that if all of the units were not built, there would be no liability on the part of the owner. The proposal attached and incorporated into the contract indicates that the contract is for installing drywall at the townhouse project and sets forth prices which are generic to all units. The pricing scheme is determined by room and not by unit. It is clear from the contract and the pricing scheme that the intention of the parties was to enter into a contract to drywall the entire project and not into separate contracts for each lot.

The second contract was an oral agreement for painting the interior and exterior of the Kelsey Court/Ashlawn Ridge townhouses. According to the Commissioner's Report, there was no dispute that the proposal was the agreement of the parties. The painting was priced on a per unit basis. However, the evidence at the Commissioner's Hearing was that Armak was hired to paint the project.

Code § 43–4 states that a lien must be filed "not later than ninety days from the last day of the month in which he last performs labor or furnishes material . . . ." The phrase "performs labor or furnishes material" implies when the contractor last performs or furnishes material under the contract. To say, as Washington Federal argues, that the

time of last performance means last performance as to each lot under the contract is to read a requirement into the statute which is not contained in the language of the statute. It is a strained construction of the statute to impose a meaning equivalent to when the contractor "last performs" under each severable portion of the contract.

I find that both the painting and drywall contracts were separate contracts for the entire project and the requirements of Code § 43–4 were met. The Exceptions to the Commissioner's Report are overruled.