# CIRCUIT COURT OF THE CITY OF NORFOLK

G.V.G., Inc.

v.

Baycliff Properties, L.L.C., et al.

December 20, 2000

Case No. (Chancery) CH99-1897

BY JUDGE MARC JACOBSON

Plaintiff G.V.G., Inc., seeks to enforce a mechanic's lien on property owned by defendant Baycliff Properties, L.L.C. (Baycliff). Defendants Heritage Bank & Trust, Robert J. Keogh, and Peter W. Smith, Trustees (Defendants), have filed a Motion to Dismiss and Petition to Declare Mechanic's Lien Invalid Pursuant to Virginia Code § 43-17.1 (Motion).

Plaintiff contracted to provide Baycliff's tenant with renovation work on two adjoining apartment buildings, including both indoor repairs and work on the shared parking lot. Plaintiff alleges it did not receive monies due and owing it for the said work performed and filed a Memorandum of Mechanic's Lien on the property pursuant to applicable Code of Virginia provisions and subsequently filed a Bill of Complaint to Enforce Mechanics [sic] Lien (Bill). The Memorandum claimed a total sum for work done or materials furnished on or for "multi-family dwellings" on real property described as:

2058-2060 E. Ocean View Avenue, Norfolk, Virginia; Lots Five (5) and Six (6), and Block Fourteen (14), Plat of Property of Bay View Beach Corporation, DB273A, pg. 128 and DB280A, pg. 78.

In their Motion, Defendants state as follows:

1. GVG contracted with Venture Management Properties, Inc. (Venture), a former tenant with a leasehold interest whose leasehold

interest has terminated, thereby terminating GVG's mechanic's lien as to amounts owed by Venture to GVG.

2. The mechanic's lien includes claims for work performed in accordance with GVG's contract with the tenant, Venture, and includes work performed under a separate and distinct contract with others, and is thereby unenforceable as it improperly encumbers the fee interest.

At the hearing before the Court, paragraph 1 of the Motion was not argued and was reserved for further argument, if appropriate, by Defendants.

Under Virginia law, mechanic's liens are required to apportion sums expended to individual properties under certain circumstances. See *United Masonry v. Jefferson Mews*, 218 Va. 360, 237 S.E.2d 171 (1977). Under other circumstances, the lien cannot be apportioned or it will be invalidated by operation of law. See *Sergeant v. Denby*, 87 Va. 206, 12 S.E. 402 (1890). In writing the memorandum of lien, then, the lienor must determine which type of lien is appropriate or the lienor will be unable to execute judgment.

In determining whether a lien must be joint or apportioned, Virginia decisions have primarily focused upon whether there was one single contract for the work or individual contracts for the specific properties owned by the debtor. For example, in *Addington-Beaman Lumber Co. v. Lincoln S. & L.*, 241 Va. 436, 403 S.E.2d 688 (1991), the Court determined that a lien was invalid as a joint and blanket lien. In so holding, the Court noted that "there exists no single, interdependent contract requiring the general contractor to buy and the supplier to sell. Instead, there is a classic open account relationship evidenced by many individual invoices, delivery tickets, work orders, and other similar documentation." *Id.* at 439.

By contrast, in *Sergeant v. Denby*, 87 Va. 206, 12 S.E. 402 (1890), the Court held another unapportioned lien to be valid because it did involve a single contract. The contract was for a total sum payable on both houses, and did not apportion costs to each property. The Court noted that because the contract itself was unapportioned, "it is clear, therefore, that . . . the two buildings must be considered as, in effect, one piece of work, and that the right of the former to a joint lien on both for any balance due on them . . . could not have been successfully controverted." *Id.* at 208. The Court went on to detail "indeed, in such a case, the lien must be joint or not at all; for although a lien is a creature of the statute, it must have its foundation in a contract. Hence it must correspond with the contract, as has been decided by other courts in analogous cases upon statutes similar to ours." *Id.*

In the instant cause, Defendants assert that the contract in question should be governed by *Addington-Beaman* and Plaintiff asserts that *Sergeant* should govern. At this juncture, the Court would require further evidence in order to rule in the instant cause and, accordingly, the Motion, at this time, is denied. The Court would ask that a hearing be held within the next fifteen days in order to determine if it is appropriate for this matter to be referred to a Commissioner in Chancery.