GREGORY, Circuit Judge,
concurring in part and dissenting in part:
I concur in the resolution of No. 02-1147, affirming the district court’s order denying Ryan’s motion to compel arbitration of Toll’s claims, for the reasons stated by the majority. I respectfully dissent, however, from the majority’s resolution of No. 01-2509, reversing the district court’s order denying Ryan’s motion to compel arbitration of its “delay and interference claim.” I would affirm the district court. The majority is correct that the “delay and interference claim” is a claim for direct, not consequential damages. But I believe that the arbitration clause was intended to resolve disputes over amounts due for work performed, not damage claims arising from breach of contract.
As the majority apparently recognizes, at least a portion of Ryan’s claim is for breach of contract. To be sure, Ryan also argues (confusingly) that the contract was somehow modified by Toll’s “delay and interference.” But, ultimately, Ryan’s claim is that Toll breached the contract by violating its contractual “duty to cooperate and not to interfere with, hinder, or prevent Ryan’s performance.” Appellant’s Reply Br. at 9. This breach, Ryan argues, gives rise to a legal claim for direct damages, measured by increased expenses as well as lost profits. J.A. 526-608.
The majority also appears to recognize that the arbitration clause relates to claims that could be enforced by a mechanic’s lien. The clause requires a thirty day negotiation period, after which, if the disputed amount for work performed is not paid, *606 Ryan may file a lien. Under Virginia law, “[a]lthough [ ] a lien is a creature of statute, the lien must have its foundation in a contract, with which the lien must correspond.” First American Bank of Virginia v. J.S.C. Concrete Construction, Inc., 259 Va. 60, 523 S.E.2d 496, 497 (Va.2000); Sergeant v. Denby, 87 Va. 206, 12 S.E. 402, 402 (Va.1890). A mechanic’s hen is a statutory mechanism to enforce an owner’s obligation to pay the agreed upon price. See 12B Michie’s Jurisprudence, Mechanic’s Liens § 28 (1992 & 2001 Supp.) (“The lien of a contractor is for the contract price or other compensation agreed upon.”). A mechanic’s hen is not the equivalent of a common law suit for breach of contract. “[T]he object of the [mechanic’s hen statute] is to give those who, by their labor and material, have enhanced the value of the building the security of a hen thereon to the extent they have added to its value[.]” United Masonry, Inc. v. Jefferson Mews, Inc., 218 Va. 360, 237 S.E.2d 171, 182 (Va.1977). In contrast, Ryan’s breach of contract claim is for costs, incurred by Ryan, associated with Toll's alleged interference with Ryan’s contractual performance. The claim is not for value-enhancing “work performed” of the type that would give rise to a mechanic’s hen, but rather for damages resulting from Ryan’s inability to perform work. Because Ryan claims that it was damaged by Toll’s delay and interference, and is not simply seeking to enforce Toh’s promise to pay the agreed upon price, the district court was correct in holding that the claim was not arbitrable*
I concur in the resolution of No. 02-1147. I respectfully dissent, however, from the majority’s decision, in No. 01-2509, to reverse the district court.

 As the above indicates, the distinction between direct and consequential damages is irrelevant.