Richmond

UNITED VIRGINIA MORTGAGE CORPORATION, ET AL.

v.

HAINES PAVING CO., INC.

April 24, 1981.

Record No. 790071.

Present: All the Justices.

*John H. Rust, Jr. (Rust & Rust,* on briefs), for appellants.
*(Richard R. Saunders, Jr.; William B. Hanes; Robert E. Sevila; Kuykendall, Whiting, Costello & Hanes,* on brief), for appellee.
Case submitted on brief for appellee.

POFF, J., delivered the opinion of the Court.

This appeal challenges the enforceability of a "blanket" mechanic's lien asserted, without apportionment of the claim, against all the lots in a subdivision on account of labor and materials furnished by the lienor in the construction of streets in the subdivision.

In 1973, the owner of a 10.571-acre tract of land recorded a subdivision plat and deed of dedication. The plat showed 16 lots containing 9.4533 acres and two streets containing 1.1177 acres. The deed provided that the streets, which were the only means of access to the lots, were "hereby dedicate[d] to public use". Later that year, one of the lots, Lot 56, was sold to private owners.

In 1974, Haines Paving Company, Incorporated (Haines), a subcontractor which had furnished the labor and materials for construction of the streets, recorded a memorandum of mechanic's lien against "[a]ll lots, common grounds, streets and parking lots located in and which constitute the development". The claim was asserted in gross with no apportionment among the several lots. The memorandum named the subdivision owner but not the owners of Lot 56.

In 1975, Haines filed a bill of complaint (later amended) to enforce the lien. United Virginia Mortgage Corporation (UVMC), the creditor secured by a deed of trust on the property, and the trustees named in the deed filed a petition under Code § 43-17.1 for a hearing

to determine the validity of the lien. UVMC demurred to the bill on the ground, *inter alia,* that the memorandum "is invalid and unenforceable insofar as the same is not filed against the owners of record". In a letter opinion overruling the several grounds of UVMC's demurrer, the chancellor held:

> "[T]he failure of the lienor to obtain a lien against one of the subdivision lots would not invalidate his right to a lien because the amount sought can be apportioned between each property equally and thus an unequal burden will not result to the lots on which the lien is claimed."

UVMC filed a motion to reconsider on the ground that Haines' "failure to obtain a valid lien against Lot 56 is the equivalent of releasing that lot from the effect of the mechanic's lien which invalidates that mechanic's lien with respect to the remaining lots." In a final decree entered October 16, 1978, the chancellor held that "the owners of Lot 56 . . . were not properly named" and that the "Memorandum for Mechanic's Lien . . . is unenforceable against Lot 56 . . . and said Lot 56 . . . hereby stands released". However, reaffirming his previous ruling and implicitly rejecting the motion to reconsider, the chancellor validated the lien on all the lots except Lot 56.

On appeal, UVMC contends that "the failure of the lien claimant to perfect its unapportioned mechanic's lien against one of the lots sought to be encumbered invalidates the lien."

This case is controlled by our decision in *PIC Company* v. *First Union Bank,* 218 Va. 915, 241 S.E.2d 804 (1978). There, a contractor recorded a blanket mechanic's lien memorandum for the cost of improvements to six lots in a subdivision without allocating the claim among the lots. The contractor listed only five of the lots in its bill to enforce. While the cause was pending, the contractor released the lien as to one lot, and other lots against which the lien was asserted were sold at foreclosure. Assuming without deciding that "the memorandum of lien was not void for failure to specify the portion of the total debt allocable to each of the lots encumbered", 218 Va. at 920, 241 S.E.2d at 807, we held that when the contractor released the lien as to one lot, "it became estopped from enforcing the lien on the remaining lots as against other lien holders and purchasers", 218 Va. at 922, 241 S.E.2d at 808-809. We relied in *PIC,* 218 Va. at 921, 241 S.E.2d at 808, upon the rationale in *Weaver* v. *Harland Corporation,* 176 Va. 224, 10 S.E.2d 547 (1940), where we said that, if the rule were otherwise, "mechanic's lien lienors could so shift their liens as

to unduly burden some of the lien subjects and relieve others, to the extent of imperiling the interests of other lien creditors", 176 Va. at 227, 10 S.E.2d at 548.

As in *PIC,* it is unnecessary to decide whether Haines' failure to apportion its claim among the several lots invalidated its memorandum. See Acts, 1979, c. 360, enacted while this appeal was pending. Even if the memorandum was valid, the question remains whether the lien securing the unapportioned claim was enforceable under the circumstances of this case. Haines failed to perfect the lien upon one of the lots he sought to encumber, and the chancellor "released" the lien as to that lot. Like the releases in *PIC,* this shifted the full burden of the claim to the remaining lots. As the secured creditor under a deed of trust, UVMC had a valuable interest in those lots. But, when such a shift in the burden occurs, the lien is enforceable only when "there were no third persons whose interests were injuriously affected" by the shift. *Weaver,* 176 Va. at 234, 10 S.E.2d at 551.

We hold, therefore, that the chancellor erred in overruling UVMC's demurrer, and we need not consider whether lots in a subdivision are lienable for the cost of improvements to the dedicated streets in the subdivision. *See West Alex. Prop.* v. *First Va. Mort.,* 221 Va. 134, 267 S.E.2d 149 (1980). The decree will be reversed and final judgment for UVMC will be entered here.

*Reversed and final judgment.*