## CIRCUIT COURT OF FAIRFAX COUNTY

Potomac Savings Bank, F.S.B.

v.

Virginia Clay Products, Inc., et al.

February 6, 1990

Case No. (Chancery) 113303

By JUDGE J. HOWE BROWN

This case is before the Court upon the Petition to Remove Mechanics' Liens filed by Potomac Savings Bank, F.S.B. (Potomac). The facts are taken from documents on file in the Fairfax Circuit Court Clerk's Office, of which this Court takes judicial notice.

Potomac is the payee of a note and the beneficiary of a deed of trust made by Leesburg Real Estate Development Corporation (Leesburg). The deed of trust conveys to Potomac a security interest in Lots 1 through 28, Cozzo's addition to Green Ridge, property in Fairfax County upon which Leesburg undertook to construct townhouses. The defendants supplied labor and materials in the construction and have filed mechanics' liens. In each case the mechanics' liens are blanket liens and do not apportion the claim to particular lots. In each case, the liens name Leesburg as the owner of all the lots sought to be affected. In each lien some of the lots sought to be affected had been transferred by Leesburg to other owners at the time the lien was filed.

Potomac filed this Petition pursuant to Va. Code Section 43-17.1. Potomac gave reasonable notice to the lien claimants, and a hearing was held pursuant to the

statute. Initially, one must determine whether Potomac is a party "having an interest in . . ." the property. Potomac is the beneficiary of the deed of trust. The trust beneficiary is a necessary party to any suit to enforce a mechanics' lien. *Walt Robbins, Inc. v. Damon Corp.*, 232 Va. 43 (1986). The conveyance of property to trustees in the deed of trust is for the benefit of Potomac. Potomac has an interest in the land and is entitled to bring on the hearing to determine the validity of the liens.

The memoranda of mechanics' lien must name the owner at the time of filing the lien. *Mendenhall v. Douglas L. Cooper, Inc.*, 239 Va. 71 (1990). The lien is filed where deeds are recorded. Va. Code § 43-4.1. The date and time of recordation of a deed is the date and time of notice to the world of the transfer of real property. Va. Code § 55-96. The Court takes judicial notice of the dates stamped by the Clerk's Office as the official date of recording the various instruments. The liens mentioned in this petition all failed properly to name at least one owner of at least one lot sought to be affected. Such a failure invalidates the lien as to that lot or lots. The invalidation of a blanket, unapportioned lien as to one of a series of lots unjustly throws the burden of the lien on the remaining lots and invalidates the lien in its entirety. *United Va. Mort. Corp. v. Haines*, 221 Va. 1047 (1981); *see also Woodington Electric, Inc. v. Lincoln Savings and Loan Ass'n.*, 238 Va. 623 (1989). Nor may the lien claimants now argue that they are able to apportion the work between the lots conveyed out prior to their lien and those that remain in the name of Leesburg. A blanket lien is proper where a party cannot apportion; if one is able to apportion, one must note that appointment before the lot or lots are sold. *Rosser v. Cole*, 237 Va. 572 (1989).

The petition to remove Mechanics' Liens is granted.