## CIRCUIT COURT OF LOUDOUN COUNTY

Ben Gravett Enterprises

v.

Parcon Construction, Inc., et al.

August 18, 1993

Case No. (Chancery) 13289

BY JUDGE JAMES H. CHAMBLIN

This cause is before the Court on the Motion for Summary Judgment filed by the defendants, Mercure Dulles, Inc., and Mercure Land, Inc. After consideration of the argument of counsel on August 6, 1993, and the authorities cited by counsel, and for the reasons that follow, the Motion is granted and the cause dismissed.

Because this case is before the Court on a motion for summary judgment, the facts as recited herein are taken from the pleadings and the admissions in discovery.

As a sub-contractor, Gravett provided labor, equipment, and materials to install structural steel in a building located on Lots 4-A-1-A, 4-A-1-B, and 4-A-1-C of Mercure Business Park in June and July, 1990. When it was not paid, it filed two memoranda of mechanic's lien on September 7, 1990. Both described the same work and claimed the same amount. However, one covered Lot 4-A-1-A and named Potomac Kitchens/Mercure Limited Partnership ("Potomac") as the owner, and the other covered Lots 4-A-1-A, 4-A-1-B, and 4-A-1-C and named Hermes Limited Partnership ("Hermes") as the owner.

On September 7, 1990, Lot 4-A-1-A was owned by Potomac, and Lots 4-A-1-B and 4-A-1-C were owned by Hermes.

Gravett admitted in discovery that the work and/or materials claimed in each memorandum of mechanic's lien was the same and that the labor and/or materials were provided to a "Building A" which "may have been subdivided into Lot 4A1A, 4A1B, and 4A1C." However, the

Bill of Complaint specifically alleged that the building was located on the three lots.

In January, 1991, Lots 4-A-1-A and 4-A-1-C were conveyed to Mercure Dulles, Inc., and Lot 4-A-1-B was conveyed to Mercure Land, Inc. These defendants still own the lots.

Although counsel argued issues concerning § 43–23.1 and impermissible shifting of the burden of a mechanic's lien, I feel that the initial issue is whether this is a suit to enforce one mechanic's lien or two mechanic's liens; or, put another way, can the Court merely consider this a suit to enforce Gravett's mechanic's lien for the work and/or materials it provided and look at both memoranda together to see if all the formal requirements have been met? The reason both memoranda must be looked at is that neither alone is sufficient to meet the enforcement requirements.

The memorandum covering Lot 4-A-1-A alone will not support the enforcement of a mechanic's lien against that lot alone because Gravett had admitted that the building on which it did the work is located on three lots, and Gravett has not apportioned its claim among the three lots. By filing a memorandum as to only one lot (Lot 4-A-1-A), Gravett has released the lien as to the other two lots. This impermissibly shifted the burden of the lien to only one of the three lots. *United Virginia Mortgage Corp. v. Haines, Inc.*, 221 Va. 1047, 1049 (1981).

The memorandum covering the three lots did not name the owner of one of the lots (Lot 4-A-1-A owned by Potomac). It only listed Hermes as the owner. The mechanic's lien could only be claimed as to the two lots, but the work covered all three lots. This impermissibly shifted the burden of the lien to only two of the three lots. *Haines*, 221 Va. at 1049.

The facts as developed by the pleadings and admissions in discovery did not show an intent to mislead by Gravett when the memoranda were filed. At most, it shows a failure to ascertain before filing the memoranda of mechanic's lien the legal description of the land on which the building is located.

I am of the opinion that Gravett cannot overcome the deficiencies in each memorandum of mechanic's lien by asking this Court to look at both memoranda together as one memorandum and find that it has met the statutory requirements. Under § 43–4, the lien is perfected by filing a memorandum setting forth the information required. In this case,

neither memorandum accurately described the lien claimed by Gravett. The filing of memoranda as Gravett did herein should not be allowed as a substitute for its failure to ascertain before filing the correct legal description and ownership of the land on which the building is located.

So there will be no misunderstanding, I rule that this is not a case wherein Gravett forfeits its mechanic's lien under § 43–23.1, but it is a case where each memorandum should be considered separately. Each memorandum impermissibly shifts the burden of the lien under *Haines* and its progeny. Accordingly, the lien asserted by Gravett is not enforceable.